The Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,<br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | No.: 2:24-cv-00316-JLR<br><br>**PLAINTIFFS' RESPONSE TO AMAZON'S REQUEST FOR JUDICIAL NOTICE**<br><br>NOTE ON MOTION CALENDAR: August 7, 2024<br><br>ORAL ARGUMENT REQUESTED |



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT .......... 1

II. THE DOCUMENTS .......... 1

III. STANDARD OF REVIEW .......... 2

IV. ARGUMENT .......... 3

- A. This Court should not take judicial notice of the website printouts of private corporations or a party. .......... 3
- B. This Court must conduct a fact-by-fact analysis before accepting facts in a proffered document as true. .......... 4
- C. Incorporation-by-reference cannot be used to dispute well-pleaded facts in the complaint. .......... 5
- D. Incorporation-by-reference cannot be used if there are multiple versions of the submitted document. .......... 6
- E. The Amazon Fine Print documents relate to affirmative defenses and should not be incorporated by reference. .......... 7
- F. Amazon's Ad Policy, Amazon's Nielsen Summary, and the Nielsen Fine Print are not extensively referred to in the Complaint. .......... 7

V. CONCLUSION .......... 8



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

# TABLE OF AUTHORITIES

**Page(s)**

***Cases***


*Consiglio v. Brown*,
2019 U.S. Dist. LEXIS 83850 (E.D. Cal. May 17, 2019) ... 3

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ... 3

*Doe v. Amgen Inc.*,
2024 U.S. Dist. LEXIS 101754 (C.D. Cal. 2024) ... 4

*Farrell v. Boeing Employees Credit Union*,
761 F. App'x 682 (9th Cir. 2019) ... 5

*Gerritsen v. Warner Bros. Entm't Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) ... 3

*Hammerling v. Google LLC*,
2022 U.S. Dist. LEXIS 217020 (N.D. Cal. Dec. 1, 2022) ... 6

*Holy Ghost Revival Ministries v. City of Marysville*,
98 F. Supp. 3d 1153 (W.D. Wash. 2015) ... 4

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2019) ... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ... 2, 4, 5, 7

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ... 2, 3

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
416 F.3d 940 (9th Cir. 2005) ... 2

*M.K. v. Google LLC*,
2023 U.S. Dist. LEXIS 133602 (N.D. Cal. Aug. 1, 2023) ... 7

*Pacleb v. Cops Monitoring*,
2014 U.S. Dist. LEXIS 91976 (C.D. Cal. July 7, 2014) ... 4

*Perdue v. Rodney Corp.*,
2014 U.S. Dist. LEXIS 102050 (S.D. Cal. July 25, 2014) ... 6





Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755 (C.D. Cal. 2015) ....................3, 4

*Turner v. Nuance Commc'ns*,
2024 U.S. Dist. LEXIS 94614 (N.D. Cal. May 28, 2024) ....................6

*United States v. Mission Support Alliance, LLC*,
2019 U.S. Dist. LEXIS 107460 (E.D. Wash. June 13, 2019) ....................5

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....................3, 5

*United States v. Sanft*,
2021 U.S. Dist. LEXIS 219291 (W.D. Wash. Nov. 12, 2021) ....................3

*Veridian Credit Union v. Eddie Bauer, LLC*,
295 F. Supp. 3d 1140 (W.D. Wash. 2017)....................3, 4

*Zero Motorcycles, Inc. v. Nikola Motor Co.*,
2018 U.S. Dist. LEXIS 100227 (N.D. Cal. June 14, 2018) ....................6

***Rules***

Federal Rules of Civil Procedure 12(b) ....................2

Federal Rules of Civil Procedure 12(d) ....................2

Federal Rules of Evidence 201(b)(1-2)....................3



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

Plaintiffs Meredith Beagle ("Beagle"), Jordan Guerrero ("Guerrero"), and Sofauna Johnson ("Johnson" and, together with Beagle and Guerrero, "Plaintiffs") respectfully submit this Response to the "Request for Judicial Notice in Support of Motion to Dismiss Consolidated Amended Complaint" ("RJN") filed by Defendants Amazon.com, Inc. ("Amazon Inc.") and Amazon.com Services, LLC ("Amazon Services" and together with Amazon Inc., "Defendants" or "Amazon").

## I. PRELIMINARY STATEMENT

In their RJN, Defendants ask this Court to improperly consider seven documents through judicial notice or incorporation-by-reference when ruling on their motion to dismiss.[1] The request should be denied for four reasons.

First, it is well established that the information contained in private corporate and party-defendant websites is subject to reasonable dispute, making judicial notice improper. Second, these documents should not be incorporated by reference because they do not form the basis of the Consolidated Amended Complaint – Class Action ("Complaint" or "CAC"), ECF 33,[2] but instead deal with affirmative defenses. Third, two of the proffered documents were only mentioned in passing in the Complaint, so they are not referenced "extensively" enough for incorporation-by-reference to apply. Finally, Defendants failed to establish that the proffered undated documents were the exact same documents referenced in the Complaint.

## II. THE DOCUMENTS

Six of the proffered documents are fine print documents printed from Amazon's websites and include: (1) Amazon.com's Conditions of Use, ("COU"); (2) Amazon.com's Privacy Notice ("Privacy Notice"); (3) Amazon.com's Internet-Based Ads Policy ("Ad Policy"); (4) the Prime

[1] RJN, ECF 36, pp.7-8.
[2] Citations to ¶__ are to the CAC, ECF 33.


Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

Video Terms of Use ("Prime Terms"); (5) the Prime Terms and Conditions ("Prime T&C"); and (6) Amazon's "What Are Nielsen Viewing Measurements?" page ("Amazon's Nielsen Summary" and, together with the COU, the Privacy Notice, the Ad Policy, the Prime Terms, and the Prime T&C, "Amazon Fine Print.").

The seventh proffered document is an image of Nielsen's Digital Measurement Privacy Statement ("Nielsen Fine Print").

## III. STANDARD OF REVIEW

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also* Fed. R. Civ. P. 12(b).[3] Factual determinations on a motion to dismiss are improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). District courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688-89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims[.]" *Khoja*, 899 F.3d at 998-99.

Consideration of documents through both doctrines "can mean [the plaintiff will have] the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no

[3] If the court does not exclude evidence presented outside the pleadings, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d).

cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2019). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id.* at 1281.

## IV. ARGUMENT

### A. This Court should not take judicial notice of the website printouts of private corporations or a party.

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)(1-2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of information posted on federal government agency websites)[4], *but see Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1147, n.3 (W.D. Wash. 2017) and *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (both noting that judicial notice of private corporate websites is improper).

Indeed, following the Ninth Circuit, this Court and courts throughout this circuit have repeatedly rejected taking judicial notice of a private corporate website or a party's website. For

[4] *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *United States v. Sanft*, No. 19-00258 RAJ, 2021 U.S. Dist. LEXIS 219291, at *4 (W.D. Wash. Nov. 12, 2021); *Consiglio v. Brown*, No. 1:16-cv-01268-AWI-SAB (PC), 2019 U.S. Dist. LEXIS 83850, at *8 (E.D. Cal. May 17, 2019); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030, 1033 (C.D. Cal. 2015) (all approving of judicial notice of government websites and similar public records).


Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

example, in *Veridian Credit Union*, this Court noted that "private corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." 295 F. Supp. 3d at 1147, n.3 (citing *Spy Optic*, 163 F. Supp. 3d at 763). In *Holy Ghost Revival Ministries v. City of Marysville*, this Court noted that "'[a] high degree of indisputability' is generally required to justify judicial notice" and denied the request to take judicial notice of, among other things, printouts of internet websites. 98 F. Supp. 3d 1153, 1162-63 (W.D. Wash. 2015).[5]

Here, Defendants request judicial notice of a variety of webpages containing Amazon's and Nielsen's Fine Print. Because these pages are all printouts of webpages taken from private, corporate websites or a party website, they lack the "high degree of indisputability" required and therefore judicial notice should be denied.

**B. This Court must conduct a fact-by-fact analysis before accepting facts in a proffered document as true.**

Additionally, as to the Amazon Fine Print documents, all the images are taken from a party website and all the images are or were wholly within Defendants' control.[6] As such, these images should be subject to the normal tests required for evidence at trial. Accordingly, even if this Court were to take judicial notice of the *existence* of Amazon's and Nielsen's Fine Print, it would need to conduct a fact-by-fact analysis for the information contained in these images before it could judicially notice any of those facts as true. *Khoja*, 899 F.3d at 999-1000 (overturning district court's wholesale judicial notice of a call transcript submitted to the SEC); *Farrell v. Boeing*

[5] *See also Doe v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSc, 2024 U.S. Dist. LEXIS 101754, at *5, (C.D. Cal. 2024) (same); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS(JCx), 2014 U.S. Dist. LEXIS 91976, at *11(C.D. Cal. July 7, 2014) (denying defendant's request for judicial notice of an image of its webpage since it was subject to reasonable dispute).

[6] The Privacy Notice is an image of Defendants' website accessed from the Wayback Machine internet archive. The Privacy Notice was within Amazon's control when it was created, but the Wayback Machine version of it may not be.



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

*Employees Credit Union*, 761 F. App'x 682, 683-84 n.1 (9th Cir. 2019) (taking judicial notice of the existence of a government website, but not its factual contents). On this additional basis, this Court should deny Defendants' RJN.

**C. Incorporation-by-reference cannot be used to dispute well-pleaded facts in the complaint.**

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. For incorporation-by-reference to apply, the complaint must either refer extensively to the document or the document must form the basis of the plaintiff's claim. *Id*. Merely mentioning the existence of a document is insufficient. *Ritchie*, 342 F.3d at 908.

While incorporation-by-reference can permit (but does not require) a court to accept the matters contained in incorporated documents as true in certain circumstances,[7] it is **never** proper to "assume the truth of an incorporated document if such assumptions only serve to dispute [well-pleaded] facts[.]" *Khoja*, 899 F.3d at 1003; *United States v. Mission Support Alliance, LLC*, No. 4:19-CV-5021-RMP, 2019 U.S. Dist. LEXIS 107460, at *9 (E.D. Wash. June 13, 2019) (same). As the Ninth Circuit has explained, "[this doctrine] does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014-15. Because Defendants are attempting to introduce documents to dispute the facts pleaded in the Complaint, their RJN should be denied.

[7] *See Khoja*, 899 F.3d at 1003 (in some circumstances a court may accept facts as true); *Ritchie*, 342 F.3d at 908 (repeatedly using discretionary language when discussing the applicability of the incorporation-by-reference doctrine).



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

### D. Incorporation-by-reference cannot be used if there are multiple versions of the submitted document.

It is well settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document, especially when it is unclear which versions of the document a plaintiff reviewed and agreed to. *Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-cv-05370-MEJ, 2018 U.S. Dist. LEXIS 100227, at *13-16 (N.D. Cal. June 14, 2018) (described above); *Turner v. Nuance Commc'ns*, No. 22-cv-05827-DMR, 2024 U.S. Dist. LEXIS 94614, at *19 (N.D. Cal. May 28, 2024) (declining to consider specific versions of an agreement under either exception, noting, *inter alia*, that "[defendant] admits that [the fine print agreement] ha[d] been revised multiple times over the years, so the current version of [it] may not be the same as the version [p]laintiffs allegedly read"); *see also Perdue v. Rodney Corp.*, No. 13cv2712-GPC(BGS), 2014 U.S. Dist. LEXIS 102050, at *12 (S.D. Cal. July 25, 2014) (declining to take judicial notice of an invoice at the motion to dismiss stage because it was clear that more than one version of the invoice exists); *Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 U.S. Dist. LEXIS 217020, at *11-12 (N.D. Cal. Dec. 1, 2022), *aff'd*, No. 22-17024, 2024 U.S. App. LEXIS 5253, (9th Cir. Mar. 5, 2024) (declining to take judicial notice of the most recent privacy policy and data disclosure of two apps because they might not be the one plaintiff read when she downloaded and used them).

Incorporation-by-reference is improper here because there are different versions of the documents and, in many cases, it is clear that Amazon's proffered documents are *not* the versions Plaintiffs reviewed at the time they started using Amazon Prime Video. Defendants ask this Court to consider the Amazon Fine Print from *after* Plaintiffs first began using Amazon, meaning that these versions are may not be relevant for consent. Plaintiffs began using Amazon Prime Video



Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

years before these versions of the Amazon Fine Print were in place. (Beagle, 2021;[8] Guerreo, 2016; and Johnson, 2017, dates approximate). ¶¶ 100, 110, and 115.

**E. The Amazon Fine Print documents relate to affirmative defenses and should not be incorporated by reference.**

Amazon asks the Court to consider these documents to prove consent and to argue that any disclosures were made within the ordinary course of business. RJN, ECF 36, p.7 (consent); Motion to Dismiss, ECF 34, pp. 8-9, 18-19 (ordinary course of business). But these arguments are defenses to privacy laws like the VPPA,[9] making these documents improper for incorporation-by-reference. *See Khoja*, 899 F.3d at 1002 (a document that creates a defense to the allegations in the complaint does "not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events . . . to defeat otherwise cognizable claims").

**F. Amazon's Ad Policy, Amazon's Nielsen Summary, and the Nielsen Fine Print are not extensively referred to in the Complaint.**

None of these documents are referenced "extensively" in the Complaint. The Ad Policy is only discussed twice, and Amazon's Nielsen Summary and the Nielsen Fine Print are only mentioned once. ¶¶ 69, 77, 79, 83. Additionally, it is not clear from the Complaint which versions of these undated documents are being cited. ¶¶ 83, 86. Unlike the other Amazon Fine Print Defendants ask this Court to consider, Amazon does not provide "last updated" or effective dates for its Ad Policy or Amazon's Nielsen Summary on its website. Additionally, Amazon's RJN does not provide supporting declarations to identify the effective dates of these documents. As

---

[8] At this early stage of litigation, it is unclear whether the version of the Prime T&C Amazon asks this Court to consider (which, according to Amazon, were posted starting May 11, 2021) were in place at the time Beagle began using Amazon Prime Video at some time in 2021. However, all the other documents post-date the Plaintiffs' respective start times using Amazon Prime Video.

[9] *See M.K. v. Google LLC*, No. 21-cv-08465-VKD, 2023 U.S. Dist. LEXIS 133602, at *17, n.4 (N.D. Cal. Aug. 1, 2023) (ordinary course of business and consent are treated as defenses to a VPPA claim).


Burns Charest LLP
365 Canal St., Ste. 1170
New Orleans, LA 70130
(504) 799-2845

such, there is no way to sufficiently identify the cited version of these documents for the purpose of incorporation. Incorporation-by-reference is improper where, as here, it is not even clear if these documents are referenced in the Complaint to begin with.

## V. CONCLUSION

As described above, Amazon's request to judicially notice these website printouts or incorporate them by reference should be denied.

DATED: July 24, 2024

Respectfully submitted,


**BURNS CHAREST LLP**
*(Admitted pro hac vice)*

*s/ Korey A. Nelson*
Amanda K. Klevorn (LA Bar #35193)
Korey A. Nelson (LA Bar #30002)
Laura S. Seggerman (TX Bar #24134116)
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
Email: aklevorn@burnscharest.com
knelson@burnscharest.com
lseggerman@burnscharest.com

Cristina Delise (NY Bar #5442033)
Burns Charest LLP
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (469) 904-4550 main
Telephone: (469) 663-5940 direct
Facsimile: (469) 444-5002
Email: cdelise@burnscharest.com

*Interim Co-Lead Counsel for the Nationwide Class*

**DUNCAN LAW, PLLC**

s/ Shaquelle M. Duncan
Shaquelle M. Duncan (WA Bar #56701)
410 SW 10th Street, Suite 215
Renton, WA 98057
Telephone: (206) 237-7714
Facsimile: (206) 238-1324
Email: duncans@duncanlawpllc.com

*Additional Counsel for Plaintiffs*

**BRAGAR EAGEL & SQUIRE, P.C.**
*(Admitted pro hac vice)*

s/ Lawrence P. Eagel
Lawrence P. Eagel (NY Bar #1924067)
Casey C. DeReus (LA Bar #37096)
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
Email: eagel@bespc.com
dereus@bespc.com

Melissa A. Fortunato (CA Bar #319767)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 304-0506
Email: fortunato@bespc.com

*Interim Co-Lead Counsel for the Nationwide Class*

**CARSON NOEL PLLC**
Wright A. Noel
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
Facsimile: (425) 837-5396
Email: wright@carsonnoel.com

*Additional Counsel for Plaintiffs*

**BURSOR & FISHER, P.A.**
*(Admitted pro hac vice)*

*s/ Brittany S. Scott*
Brittany S. Scott
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: bscott@bursor.com

Joseph I. Marchese
Philip L. Fraietta
1300 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
pfraietta@bursor.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(e)(6)

"I certify that this memorandum contains 2,293 words, in compliance with the Local Civil Rules."

*s/ Korey A. Nelson*
Korey A. Nelson (LA Bar #30002)

*Interim Co-Lead Counsel for the Nationwide Class*