The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | No. 2:24-cv-00316-JLR<br><br>AMAZON'S REPLY IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR: August 7, 2024[1]<br><br>ORAL ARGUMENT REQUESTED |

[1] Based on briefing schedule set pursuant to the parties' Stipulated Order (Dkt. 31).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## Table of Contents


I. INTRODUCTION ....................................................................................................1

II. ARGUMENT AND AUTHORITY ..........................................................................1

A. Plaintiffs' VPPA Claims Fail. ................................................................................1

1. Plaintiffs' Affiliate Disclosure Claim Fails. ..........................................................2

2. Plaintiffs' Third-Party Disclosure Claim Fails. .......................................................5

B. Johnson's Claim under Cal. Civ. Code § 1799.3 Fails. ...........................................7

1. Johnson Fails to Allege Disclosure of Her PII.........................................................7

2. Johnson Consented to Disclosure. ........................................................................7

C. Plaintiffs' VPPA and Section 1799.3 Claims Should Be Dismissed With Prejudice. ....................................................................................................9

D. The Court Should Dismiss the CPA Claim With Prejudice. ....................................9

1. Plaintiffs Failed to Allege an Unfair or Deceptive Act..............................................9

2. Plaintiffs Cannot Allege a Cognizable Injury. ........................................................11

E. The Court Should Deny Leave for Plaintiffs to Add a Futile Invasion of Privacy Claim..........................................................................................11

III. CONCLUSION......................................................................................................12




Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Plaintiffs' Opposition confirms that their claims rest solely on a selective misreading of Amazon's terms and the hypothetical possibility that some unidentified consumer information *might* have been disclosed to some unidentified person at some unidentified time. This does not state a plausible VPPA claim or any other claim.

Plaintiffs cherry-pick portions of Amazon's privacy notices and then ask the Court to ignore the full text of those documents, which make clear that any data shared with third parties is anonymized and *cannot* be used to identify Plaintiffs or their viewing habits. Plaintiffs do not, and cannot, allege any facts showing that Amazon.com Services violated those privacy policies by disclosing their personally identifiable information ("PII"). Nor do Plaintiffs identify any third party or Amazon affiliate (other than Amazon.com, Inc., a holding company for which any disclosure would be incident to Amazon's business) to whom their PII was allegedly disclosed. In fact, Plaintiffs concede that their claims rest on the mere "*possibility*" of disclosure—which cannot support a plausible VPPA claim. Plaintiffs also concede that they have not alleged a cognizable injury under the CPA (which is unsurprising given that they cannot identify any disclosure of their PII), which is fatal to that claim as well.

Despite these failures, Plaintiffs contend their disclosure allegations are sufficient and that they should be granted leave to amend their deficient CPA claim. None of their arguments have merit, and no amendment could cure the fatal defects in their claims. Accordingly, this Court should dismiss the Consolidated Amended Complaint ("CAC") with prejudice.

# II. ARGUMENT AND AUTHORITY

## A. Plaintiffs' VPPA Claims Fail.

To state a VPPA claim, Plaintiffs must allege facts supporting a *plausible* inference—not just a mere *possibility* that Amazon knowingly disclosed Plaintiffs' PII without authorization. *Mollet v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015). Formulaic recitations of the VPPA



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] Nor do speculative allegations based solely on contractual language stating certain disclosures "may" occur. *Gamez v. VF Corp.*, 2018 WL 6333560, at *3 (C.D. Cal. 2018). Yet that is all Plaintiffs allege here. Plaintiffs thus fail to state a VPPA claim.

### 1. Plaintiffs' Affiliate Disclosure Claim Fails.

#### a. Plaintiffs Allege Nothing More Than the Mere Possibility That Amazon.com, Inc. Had Access to Some Consumers' PII.

To support their affiliate disclosure claim, Plaintiffs simply argue that Amazon.com Inc.—which Plaintiffs do not contest is a mere holding company with no employees—received "access" to a supposed database containing unidentified consumer information, which might possibly include Plaintiffs' PII. Opp. 8, 12-14. These are exactly the kinds of "unadorned, the defendant-unlawfully-harmed-me accusation[s]" the Supreme Court warned do not satisfy Rule 8's pleading requirements. *Iqbal*, 556 U.S. at 678. And they are nothing like the allegations in the cases Plaintiffs cite. *See Czarnionka v. Epoch Times Ass'n, Inc.*, 2022 WL 17069810, at *1(S.D.N.Y. 2022) (unlike here, plaintiff alleged defendant disclosed plaintiff's PII by installing Meta's Tracking Pixel, which "sen[t] Facebook information about the subscriber" when they watched videos); *Fan v. NBA Props., Inc.*, 2024 WL 1297643, at *1 (N.D. Cal. 2024) (alleged "the process by which the Meta Tracking Pixel, through the use of cookies" allowed Meta to know what video a particular user has watched); *In re Hulu Priv. Litig.*, 2014 WL 1724344, at *13 (N.D. Cal. 2014) (plaintiffs' evidence that Hulu "wrote the code that sent [PII] stored on the Hulu user's computer that had information about [their] … identity" created fact dispute precluding summary judgment); *In re Hulu Priv. Litig.*, 2012 WL 3282960, at *7 (N.D. Cal. 2012) (complaint contained "specific allegations about unauthorized tracking of [p]laintiffs' data," identified Hulu's specific disclosure, and "identified the third parties" to whom disclosures

[2] Plaintiffs wrongly claim that Amazon seeks to apply Rule 9(b)'s heightened standard. Opp. 10-13. Amazon does not invoke Rule 9(b). Rather, to satisfy Rule 8, Plaintiffs must provide more than "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and must plead facts showing their claims are plausible, not just "possible" as Plaintiffs suggest.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

were made, including "specific examples"); *Naughton v. Amazon.com, Inc.*, 2022 WL 19324, at *2, 4 (N.D. Ill. 2022) (out of circuit authority applying entirely different statute, Illinois Biometric Privacy Act, where plaintiff identified types of third parties to whom defendants allegedly disclosed Plaintiffs' biometric information).

Plaintiffs' allegations are instead like those held deficient in *M.K. by & through Kirksey v. Google LLC*, 2023 WL 2671381 (N.D. Cal. 2023) and *Rodriguez v. Sony Comput. Ent. Am. LLC*, 2012 WL 12921066 (N.D. Cal. 2012). In *Kirksey*, the court dismissed plaintiff's VPPA claim because it rested on conclusory allegations that Google "collected consumers' [PII]" and "upon information and belief … disclosed such information to unidentified third-parties, including data brokers and advertisers," but provided "no facts linking these allegations to allegations to [plaintiff], much less identifying what [PII] Google allegedly disclosed, or to whom such information was disclosed." 2023 WL 2671381, at *3. Likewise, in *Rodriguez*, the court dismissed plaintiffs' VPPA claim because the plaintiffs' allegations "fail[ed] to state that a disclosure has affirmatively taken place [or] identify with particularity the person(s) or entity to whom such disclosure was made." 2012 WL 12921066, at *1.

As in *Kirksey* and *Rodriguez*, Plaintiffs complaint contains no allegations that Amazon.com Services affirmatively disclosed *any* of Plaintiffs' PII, much less their video viewing information protected by VPPA. Their conclusory and speculative affiliate disclosure claim thus fails.

**b. Any Alleged Affiliate Disclosures Fall Within the VPPA's Ordinary Course of Business Exception.**

The Court should also dismiss Plaintiffs' affiliate disclosure claim because "intra-corporate disclosures are not unauthorized … under [the VPPA's ordinary course of business exception]." *Rodriguez v. Sony Comput. Ent. Am. LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015).

First, Plaintiffs are incorrect that courts cannot apply the ordinary course of business exemption on a motion to dismiss. A court may consider an affirmative defense or safe harbor "on a motion to dismiss when there is some obvious bar to securing relief on the face of the



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

complaint." *U.S. CFTC v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019). And courts dismiss VPPA claims where the ordinary course of business exemption applies based on the complaint's allegations. *See, e.g.*, *Rodriguez* 801 F.3d at 1054 & n.6 (affirming dismissal of VPPA claim under the ordinary course of business exemption, explaining: "We do not agree with Rodriguez that the determination of whether the [VPPA] exemption applies is a factual determination."). Plaintiffs cite *Nayab v. Capitol One Bank (USA), N.A.*, 942 F.3d 480, 494-95 (9th Cir. 2019), claiming it stands for the proposition that safe harbors cannot be raised on a motion to dismiss, Opp. 15-16. But *Nayab* states no such thing. There, the Ninth Circuit simply explained that plaintiffs need not plead facts negating a statutory exemption to state a claim; it did not say safe harbors cannot apply based on the pleadings—a notion established Ninth Circuit law (including *Rodriquez*) squarely rejects. *Nayab*, 942 F.3d at 494-95. Here, Plaintiffs' own allegations invoke and rely on Amazon's privacy notices, which read in full, show that any intra-corporate disclosures would be incident to Amazon's business. *Cf. M.K. v. Google LLC*, 2023 WL 4937287, at *6 (N.D. Cal. 2023) (unable to determine if exception applies because, unlike here, the complaint "contain[ed] no information about … contractual obligations, and they are not otherwise part of the record").

Second, Plaintiffs are incorrect that Amazon.com Services' alleged disclosure of customer information to its affiliates for "recommendations and personalization,"[3] "advertising," and "fraud prevention and credit risks," RJN Ex. 4, falls outside VPPA's ordinary business exception. As for "recommendations and personalization," Plaintiffs do not dispute Amazon uses customer information for marketing, i.e., to "recommend features, products, and services," *id.*, and that the VPPA's legislative history confirms "marketing to … customers" falls within the exemption, *see* Mot. 13. As for "advertising," Plaintiffs argue the exemption does not apply to targeted ads, but ignore that Amazon's Privacy Notice and other terms make clear Amazon does

[3] Plaintiffs contend that Amazon "change[s] the wording of Plaintiffs' allegations to serve their arguments." Opp. 17 n.9. Not so. Because Plaintiffs base their arguments entirely on Amazon's Privacy Notice, Amazon simply used the language in Amazon's Privacy Notice. *Compare* CAC ¶ 69 (allegation based on Privacy Notice) *with* RJN Ex. 4.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*not share PII* for targeted advertising, and instead uses anonymized data. *See* RJN Ex. 4. Lastly, as for "fraud prevention and credit risks," Plaintiffs speculate, with zero support, that preventing such risks is "not akin to cybersecurity." Opp. 18. But Plaintiffs omit that the Privacy Notice explains Amazon uses customer information "to protect the security of our customers," RJN Ex. 4, and that such credit assessment constitutes "internal data analytics" protected by the exemption, *Rancourt v. Meredith Corp.*, 2024 WL 381344, at *17 (D. Mass. 2024).

Plaintiffs cannot invoke snippets of Amazon's terms to support their speculative claims, and then ignore the complete terms showing their speculation untrue and claims implausible.

**2. Plaintiffs' Third-Party Disclosure Claim Fails.**

**a. Plaintiffs Do Not Allege Their Protected PII Was Disclosed to Any Specific Third Party.**

Plaintiffs' third-party disclosure claims under the VPPA and Cal. Civ. Code § 1799.3 should be dismissed because they have not, and cannot, allege that their protected PII was actually disclosed to any third party. *See* Mot. 16-17.

First, Plaintiffs concede they do not allege *their PII* was disclosed to third parties. Plaintiffs instead invoke their broad allegations about some generic consumers' PII *potentially* being disclosed. But, as explained above, such speculative and conclusory allegations—unsupported by *any factual allegations*—do not suffice. *See Heerde v. Learfield Commc'ns LLC*, _ F. Supp. 3d. _, 2024 WL 3573874, at *4 (C.D. Cal. 2024) (dismissing VPPA claim for failure to allege any actual disclosure of plaintiffs' information that qualifies as PII).

Second, Plaintiffs never explain how the information Amazon allegedly discloses would "readily permit[] an ordinary person to identify [plaintiffs] as having watched certain videos," as required to implicate VPPA liability. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017). Plaintiffs do not allege that any "content interaction information," "stream[s] and playback details," and "network details" allegedly disclosed were coupled with Plaintiffs' identifying information. Mot. 17; Opp. 11-12. And they do not confront the multiple cases rejecting similar VPPA claims because the information disclosed would not permit an ordinary



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

person to identify plaintiff as having watched specific videos. *Eichenberger*, 876 F.3d at 986; *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 283-84 (3d Cir. 2016).

Third, Amazon's Privacy Notice and other terms make clear Amazon does *not* share PII with third parties. Mot. 17-18. The Privacy Notice explains Amazon "never share[s] your name or other information that directly identifies you" and the Prime Video Terms of use states Amazon "may provide certain information …. in a manner that is not identifiable to you." RJN Exs. 2, 4. Despite these clear statements, Plaintiffs grasp at straws to contend these terms do "not eliminate the *possibility* that Amazon Services shares consumer information." Opp. 12 (emphasis added). But "mere possibility of misconduct" is insufficient. *Iqbal*, 556 U.S. at 679. And when read in full, the Privacy Notice and other terms confirm Amazon does *not* disclose information an ordinary person could use to identify Plaintiffs. *See* RJN Ex. 2, 4 (Amazon only discloses anonymized data). The same holds true for Nielsen's Digital Measurement Privacy Statement, which Plaintiffs speculate "does not foreclose the *possibility* that Amazon Services shares information that can be used to identify consumers." Opp. 13 (emphasis added). The full text of Nielsen's Privacy Statement confirms Nielsen "never learns the identities of other companies' users," and that Nielsen can only associate "associate measurement data" with a person if they are "a member of a Nielsen panel," which Plaintiffs do not allege they are. RJN Ex. 7.

Finally, Plaintiffs' claims fail because they only allege the *possibility* that Amazon.com Services disclosed information to unspecified third parties. Plaintiffs acknowledge their third-party disclosure claims rest entirely on language from Amazon's Privacy Notice and other terms stating that such disclosures *may* occur, not that they *will* occur or *have* occurred. *See* Mot. 10, 15-16; Opp. 8-9; CAC ¶¶ 76-77, 80. Plaintiffs do not dispute that their claims rest entirely on the theory that the alleged disclosures are only a *possibility*. Opp. 14. Nor do they seriously distinguish any of the cases Amazon cites where courts dismiss claims based on contract language stating that disclosure "may" occur. *Id.*; *see also Gamez*, 2018 WL 6333560, at *3; *Duran v. Cal. Dep't of Forestry & Fire Prot.*, 2023 WL 5072443, at * 4 (N.D. Cal. 2023), *aff'd*, 2024 WL 5565266 (9th Cir. 2024).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Instead, Plaintiffs assert the conjectural language in Amazon's Privacy Notice is "of no consequence" because Amazon's terms, combined with Plaintiffs' other allegations, "lead to the inference that the data is actually being disclosed." Opp. 14. For this argument to work, however, Plaintiffs must have pled other facts to support their disclosure theory, which they did not. They rely entirely on conclusory allegations and selective quotations of Amazon's terms. *See* CAC ¶ 7 (conclusory allegation), ¶¶ 48-85 (third-party disclosure based on Amazon's online terms). Moreover, *Campos v. Tubi*, *Inc*, the sole case Plaintiffs cite to argue the conjectural language in Amazon's terms amounts to a disclosure, is readily distinguishable. 2024 WL 496234, at *8 (N.D. Ill. 2024). There, unlike here, Tubi's Privacy Policy went "beyond the conjectural 'may' language to affirm that Tubi discloses [PII]." *Id*. In fact, *Campos* reveals that Plaintiffs' "barebones" complaint is exactly the kind of complaint the *Campos* court noted should be dismissed. *Id*. at *9 (barebones complaint omits the "kind of information [defendant] collect[s] and share[s], and with whom," and would instead provide endless "possibilities").

At bottom, Plaintiffs fail to allege Amazon.com Services ever affirmatively disclosed their PII to any third party. Their allegations amount to pure speculation, based on contract language stating that disclosures *may* occur, not that they have. Accordingly, Plaintiffs claims for affiliate and third-party disclosure should be dismissed.

**B. Johnson's Claim under Cal. Civ. Code § 1799.3 Fails.**

**1. Johnson Fails to Allege Disclosure of Her PII.**

For the reasons discussed above, because Johnson fails to plausibly allege any disclosure of her PII to an Amazon affiliate or third party, her section 1799.3 claim fails.

**2. Johnson Consented to Disclosure.**

Johnson's section 1799.3 claim also fails because she consented to any alleged disclosure. Unlike the VPPA, Cal. Civ. Code § 1799.3 requires only "written consent" for the disclosure of customer PII. *Id.* Johnson does not dispute that she "contracted with Amazon Services," CAC ¶ 117, and created an Amazon account, which required her to click a button that explained "[b]y creating an account, you agree to Amazon's Conditions of Use and Privacy



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Notice," with direct hyperlinks to both documents. *Id*. ¶ 52. Nonetheless, Johnson claims she did not consent to any disclosure because: (1) Amazon did not include the Privacy Notice in place in 2017 when she created her account or show that she agreed to later versions of the notices; and (2) any consent purportedly did not qualify as "written consent." Both arguments fail.

Johnson's consent to Amazon's Privacy Notice does not require further development. As Johnson admits, she created her Amazon account in 2017 and was required to accept Amazon's Conditions of Use and Privacy Notice in place at that time. CAC ¶¶ 52, 117. The Conditions of Use and Privacy Notice she accepted in 2017 contained materially similar privacy disclosures as the current versions. *See* Suppl. Goldmark Decl. Exs. 8-12. Thus, by registering, Johnson provided "written consent" to Amazon's Conditions of Use and Privacy Notice. Further, Johnson alleges and admits that she continued using Amazon's services after 2017, CAC ¶¶ 116-122, thereby again consenting to the updated privacy notices. *See* Suppl. Goldmark Decl. Exs. 8-9 ("our current Privacy Notice applies to all information that we have about you and your account"); *cf. Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 857 n.9 (W.D. Wash. 2023) ("Given Plaintiffs' alleged continued use of Alexa …, they would not be bound solely by policies in effect when they registered their devices."), *aff'd*, 2024 WL 2206454 (9th Cir. 2024).

Recognizing she accepted these terms, Johnson argues—in the alternative—that she could not have "consented" to Amazon's Privacy Notice because it did not "explicitly notify [her] of the practice at issue." Opp. 19. But Johnson ignores that all applicable versions of Amazon's Privacy Notice state in bold that, by using Amazon's services or websites, she consents "**to the practices described in this Privacy Notice**" and clearly lists all the purposes for which Amazon may use customer data, as Plaintiffs detail in the complaint. *See* CAC ¶¶ 66-69; RJN Ex. 4; Suppl. Goldmark Decl. Exs. 8-9. Indeed, courts routinely find the notice Amazon provides to be sufficiently conspicuous to consumers, and enforceable. *See, e.g.*, *Heinz v. Amazon.com, Inc.*, 2023 WL 4466904, at *2 (E.D. Cal. 2023); *Storey v. Amazon.com Servs. LLC*, 2024 WL 2882270, at *6 n.6 (W.D. Wash. 2024); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 997-99 (W.D. Wash. 2022).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Johnson also argues that her actions do not constitute consent under the California Consumer Privacy Act ("CCPA"), and thus cannot constitute consent under section 1799.3 because both statutes are interpreted *in pari materia*. But Johnson cites no case in which a court has construed section 1799.3 *in pari materia* with the CCPA or held the consent required by both statutes is the same. This is for good reason. Section 1799.3 was enacted decades *before* the CCPA's definition of consent was amended in 2021 to exclude "[a]cceptance of a general or broad terms of use." *Compare* 1988 Cal. Legis. Serv. 1050 *with* 2021 Cal. Legis. Serv. Ch. 525 (A.B. 694). If the legislature wished to amend the understanding of consent under section 1799.3, it could have done so. That it did not indicates "consent" is not interpreted *in pari materia*. *Kaanaana v. Barrett Bus. Servs., Inc.*, 11 Cal. 5th 158, 175 (2021) ("Where the Legislature chooses to define the same term differently in two different provisions, neither provision should be rewritten under the guide of an *in pari materia* construction.")

### C. Plaintiffs' VPPA and Section 1799.3 Claims Should Be Dismissed With Prejudice.

Plaintiffs do not request leave to amend their VPPA or section 1799.3 claims, and have not identified any unpled facts that could overcome the deficiencies with their claims. Accordingly, Plaintiffs' VPPA and section 1799.3 claims should be dismissed with prejudice.

### D. The Court Should Dismiss the CPA Claim With Prejudice.

#### 1. Plaintiffs Failed to Allege an Unfair or Deceptive Act.

Plaintiffs concede they fail to allege a *per se* CPA violation or deceptive conduct. They instead pursue an "unfair" CPA claim based on two theories. Both fail.

First, Plaintiffs argue Amazon purportedly "engaged in an unfair practice" by violating "the VPPA and § 1799.3." Opp. 24. This derivative CPA claim is nothing but a per se theory dressed in different clothes, which is baseless. *See* Mot. 22. And in any event, Plaintiffs' derivative theory fails for the same reasons their VPPA and section 1799.3 claims fail.

Second, Plaintiffs argue Amazon's conduct was "unfair" based on their allegations that Amazon misled them about what information it collected, failed to provide an opt-out, and failed



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to destroy records. Opp. 24-25 (citing CAC ¶ 22). Tellingly, the sole paragraph Plaintiffs cite alleges no facts and nothing about Plaintiffs at all, instead making conclusory allegations as to "Class Members" generally. *See* CAC ¶ 22. Plaintiffs thus fail to allege any conduct as to them that could be "unfair." Indeed, Plaintiffs do not actually allege that *their* PII was disclosed to anyone. And nowhere in the CAC do Plaintiffs allege that *they* reviewed Amazon's terms and were purportedly "misled" or sought to opt-out. To the contrary, the improper declaration submitted by Johnson reveals she chose not to review Amazon's terms until *after* Amazon moved to dismiss, *see* Dkt. 37-1, which cannot provide any basis for their claims.

Plaintiffs simply allege no facts to establish an "unfair" practice under the CPA, which requires, among other things, actions that "(1) cause[] or [are] likely to cause substantial injury, which (2) consumers cannot avoid." *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 198 Wn. App. 594, 628 (2017). In *Gray*, for example, this Court rejected allegations that Amazon's "use of voice data for advertising purposes" was "unfair" under the CPA because those procedures were "contemplated in the applicable policies," and consumers have the means to avoid any injury "by reviewing the Alexa Terms and declining to purchase and use an Alexa-enabled device." 653 F. Supp. 3d at 855, 859. The same is true here. Amazon's fully disclosed policy of distributing de-identified data to its affiliates and a third party is not likely to cause substantial injury, or any injury.[4] Nor have Plaintiffs alleged any harm that consumers "cannot reasonably avoid" because they admit Amazon *expressly disclosed* the data practices at issue. *See* CAC ¶ 48. Plaintiffs could thus avoid the alleged injury by choosing not to view videos through Amazon's service.

Plaintiffs do not seek leave to amend or identify any additional allegations that would show unfair conduct. The Court should thus dismiss Plaintiffs' CPA claim with prejudice.

---

[4] The data breach cases Plaintiff cite are inapposite here. In those cases, the alleged conduct was "likely to cause substantial injury" because it involved deficient data protection resulting in a data breach by an unauthorized third party. *See Buckley v. Santander Consumer USA, Inc.*, 2018 WL 1532671, at *3 (W.D. Wash. 2018); *Krefting v. Kaye-Smith Enters. Inc.*, 2023 WL 4846850, at *8 (W.D. Wash. 2023); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1162 (W.D. Wash. 2017); *Guy v. Convergent Outsourcing, Inc.*, 2023 WL 4637318, at *1, 8 (W.D. Wash. 2023). No such data breach occurred here.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**2. Plaintiffs Cannot Allege a Cognizable Injury.**

Plaintiffs concede they fail to allege any CPA injury and request leave to amend to add allegations on "the lost value of their PII and time or expenses incurred mitigating the disclosure of their PII." Opp. 25. The Court should deny leave to amend because it would be futile.

This Court has repeatedly rejected invasion of privacy as a cognizable injury under the CPA. *See, e.g.*, *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1118–19 (W.D. Wash. 2013); *Wright v. Lyft, Inc.*, 2016 WL 7971290, at *5 (W.D. Wash. 2016). Plaintiffs rely on dicta from factually distinct data breach cases *Krefting* and *Guy* for the proposition that the mere "lost value of their PII and time or expenses incurred mitigating the disclosure of their PII," Opp. 25, constitutes a CPA injury. In both cases, however, plaintiffs alleged actual fraudulent misuse of PII resulting from a data breach, which required plaintiffs to expend time and money to rectify. *See Krefting*, 2023 WL 4846850, at *3 (alleging "credit account fraudulently opened using his personal information"); *Guy*, 2023 WL 4637318, at *1 (alleging "$100 fraudulent charge on Netflix that he spent several hours disputing"). Here, Plaintiffs do not and cannot allege any such facts. The Court should reject Plaintiffs' attempt to transform a speculative and conclusory alleged procedural violation into CPA injury by simply invoking the cost of instituting and prosecuting their claims. *See Lock v. Am. Fam. Ins. Co.*, 12 Wn. App. 2d 905, 928 (2020) ("[T]he cost of instituting a CPA action to challenge an underlying loan agreement could not, itself, constitute injury.").

**E. The Court Should Deny Leave for Plaintiffs to Add a Futile Invasion of Privacy Claim.**

In an effort to throw something at the wall they hope will stick, Plaintiffs seek leave to amend to add an invasion of privacy claim. This last-ditch claim, like their others, fails.

Washington recognizes a narrow invasion of privacy claim for giving "publicity" to a private matter that "would be highly offensive to a reasonable person" and "is not of legitimate concern to the public." *Reid v. Pierce County*, 136 Wn.2d 195, 205 (1998). Plaintiffs can allege no such thing. First, the alleged disclosure of Plaintiffs' video rental history to Amazon affiliates



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and a third party is not "publicity" under Washington law. "Publicity" requires "communication to the public at large so that the matter is substantially certain to become public knowledge." *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869, 879-80 (2005) ("communication to a single person or a small group does not qualify"); *see also Nienaber v. Overlake Hosp. Med. Ctr.*, 2024 WL 2133709, at *10 (W.D. Wash. 2024) ("Plaintiff does not allege that the information shared by Defendant [with Google and Facebook] will become available to the public *at large*[.]"). Second, Plaintiffs cannot identify the PII they allege "was publicized for the Court to determine whether any such disclosure would be highly offensive to a person with ordinary sensibilities." *See Nienaber*, 2024 WL 2133709, at *10. Instead, they rely on the mere "possibility" that Amazon disclosed generic information, which is not sufficient. *See* Opp. 12.

## III. CONCLUSION

For the above reasons and those set forth in Amazon's Motion, this Court should dismiss Plaintiffs' claims with prejudice.

DATED this 7th day of August, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon.com, Inc. and Amazon.com Services LLC*

By *s/ John Goldmark*
John Goldmark, WSBA # 40980
Lauren Rainwater, WSBA #43625
Erwin Reschke, *pro hac vice*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Email: JohnGoldmark@dwt.com
Email: LaurenRainwater@dwt.com
Email: ErwinReschke@dwt.com

I certify that this memorandum contains 4,193 words, in compliance with the Local Civil Rules.