The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | No. 2:24-cv-00316-JLR<br><br>AMAZON'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE<br><br>NOTE ON MOTION CALENDAR: August 7, 2024<br><br>ORAL ARGUMENT REQUESTED |



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Plaintiffs want it both ways: they cite and selectively quote Amazon's terms, which they contend support their claims, but then ask the Court to disregard the full text and meaning of those terms—which belie Plaintiffs' claims. The Court should reject this cherry-picking tactic. These documents are judicially noticeable and incorporated by reference into Plaintiffs' Consolidated Amended Complaint ("CAC"). The Court thus should take notice and review them in full in considering Amazon's Motion to Dismiss.[1]

## II. THE COURT SHOULD GRANT JUDICIAL NOTICE

Amazon filed its Request for Judicial Notice ("RJN") out of an abundance of caution and for the Court's convenience. The Court could, as it would with other cited references, review the various policies and other documents that Plaintiffs reply upon in the CAC. But formal treatment of those documents as incorporated by reference and subject to judicial notice is also appropriate.

### A. Amazon's Privacy Notice and Related Online Terms Are Incorporated by Reference into the Complaint.

Plaintiffs do not dispute—nor could they—that where a complaint refers to and relies on documents, courts treat those documents as incorporated by reference into the complaint. *See* Resp. at 5. Instead, Plaintiffs say they can avoid this keystone doctrine. Their arguments fail.

*First*, Plaintiffs' reliance on selective portions of the documents puts at issue their full text, including at the pleading stage. Plaintiffs use the documents purportedly to support their factual allegations, citing, for instance, the Privacy Notice, Privacy Choices, and Advertising Privacy and Preferences documents as "[e]xamples of Amazon Services' own acknowledgment of disclosures." Consol. Am. Compl. ("CAC") ¶ 49. Likewise, Plaintiffs cite the Privacy Notice, Conditions of Use, Amazon Prime Terms and Conditions, and Amazon Prime Video Terms of Use for the proposition that Amazon's consent forms are inadequate. *See id.* ¶¶ 52-68, ¶¶ 70-76.

[1] With its Reply in Support of its Motion to Dismiss, Amazon filed a Supplemental Declaration of John Goldmark, attaching additional versions of the relevant disclosures. For the same reasons as those set forth in the Request for Judicial Notice and this Reply, the Court should take judicial notice of those documents.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

In so pleading, Plaintiffs ask the Court to embrace the plausibility of their allegations based on these documents. But as Amazon has explained in its Motion to Dismiss, the documents themselves refute those allegations. The Court cannot evaluate the plausibility of Plaintiffs' allegations without the full context of the documents on which those allegations are based.

Plaintiffs' argument that Amazon is using the documents "to dispute the facts pleaded in the Complaint," Resp. at 5, ignores how their CAC relies on them. Indeed, Plaintiffs' own case law supports incorporation-by-reference in this context. In *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), the Ninth Circuit explained that "[t]he [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." That is exactly what Plaintiffs attempt here. And while the district court in *Khoja* abused its discretion in incorporating by reference documents mentioned only in passing where "the claims do not rely on the" documents, the Ninth Circuit affirmed as correctly incorporated documents "the Complaint use[d] … to allege" facts or that "form[ed] the basis" of parts of the claims. *Id.* at 1003-07. Where the documents are significant to the allegations in the complaint—as they are here—incorporation by reference is necessary "to prevent artful pleading by plaintiffs." *Id.* at 1003; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Plaintiffs' related argument that Amazon relies on extraneous documents "to insert their own version of events" also fails. *See* Resp. at 7 (quoting *Khoja*, 899 F.3d at 1002). To be clear, Amazon does not ask the Court to make inferences in its favor based on the documents incorporated by reference in the CAC. Amazon merely has provided the Court with the full versions of the documents that Plaintiffs themselves cite and rely upon in the CAC to support their allegations, squarely within the incorporation-by-reference doctrine. Preventing Amazon from using Plaintiffs' own documents in their full context would "allow for misleading argumentation, in which Plaintiff[s] can cherry-pick contractual terms alleged in the Complaint and preclude Defendant from correcting the record in response." *Sanchez v. Navy Fed. Credit*



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Union*, 2023 WL 6370235, at *4 (C.D. Cal. Aug. 14, 2023). Nothing in the law, equity, or truth-seeking function of this Court supports such a backward result.

But neither should the Court permit Plaintiffs to misconstrue selective portions of those documents, which on their face and with full context belie the plausibility of Plaintiffs' allegations and the inferences they ask the Court to draw. The Court should instead review the full version of each document in evaluating the plausibility of Plaintiffs' claims, to prevent Plaintiffs' attempt at selective pleading.

*Second*, the historical versions of the documents Plaintiffs cite does not undermine their incorporation by reference, *cf.* Resp. at 6-7. A court may consider a document as incorporated despite other versions having been used, particularly where—as here—plaintiff does not cite a different version as controlling. Indeed, courts reject objections to incorporation where plaintiffs do not proffer an alternative. In *Sanchez*, for example, the court incorporated a contract on which the plaintiff based her claim, over the plaintiff's objection that a different version applied. 2023 WL 6370235, at *4. The court explained that "if Plaintiff wished to argue that different contract documents applied to her claims than the ones Defendant have filed in conjunction with the Motion, it was her burden to attach the documents to the Complaint, or even to the RJN Objections once she realized her error." *Id.* Nor was it enough that plaintiff raised questions of "timing" with respect to the version of the contract defendant submitted, as she did not dispute the contract was in place during the events giving rise to her claim. *Id.* So, too, here: Plaintiffs question whether the versions of the policies were in place when they first signed up for various services, but they fail to supplement the record with the policies they believe *were* operative, or even to suggest that the polices in place when they first registered were materially different (they were not). Nor do they contend that Amazon's policies were not operative at the time of the alleged disclosures or identify any salient differences in the applicable versions. As in *Sanchez*, it is Plaintiffs' failure to provide a full record that puts Amazon in the position of providing the Court with these documents.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Finally*, Plaintiffs' argument that the Interest-Based Ad Policy,[2] Nielsen Summary, and Nielsen Fine Print "are not extensively referred to" and thus are not incorporated is wrong. *Cf.* Resp. at 7-8. Plaintiffs *concede* the CAC extensively references the other five documents at issue, and there is no basis to exclude those. But Plaintiffs also rely on the documents they claim are not incorporated. Plaintiffs allege the *possibility* of disclosure based on selective quotes from Amazon's Interest-Based Ads Policy, *see* CAC ¶ 69 & n.28, which makes those allegations—and Plaintiffs' claim—based on that document. *See Khoja*, 899 F.3d at 1007. Plaintiffs also cite and rely on the Nielsen materials as the basis for their allegations of possible disclosure of PII. *See* CAC ¶ 79. Indeed, the Nielsen Privacy Statement Plaintiffs cite is the *only* references to *any* third party to which Plaintiffs (impliedly) allege (unspecified) PII may (possibly) have been disclosed (on unidentified occasions). *See* Opp. to Mot. to Dismiss at 10-11 (identifying Nielsen as third party) & 12-13 (relying on Nielsen documents). All of the documents are significant for—indeed, central to—Plaintiffs' claims and thus are incorporated by reference. *See Garner v. Amazon.com, Inc.*, 603 F.Supp.3d 985, 993 (incorporating Amazon's Conditions of Use and Privacy Notice even though references were "few and far between" because they played "important function" in complaint and were "offered to bolster plaintiffs' allegations").

**B. Amazon's Privacy Notice and Related Online Terms Are Judicially Noticeable.**

In addition to being incorporated by reference, the exhibits are judicially noticeable because they appear on publicly available websites and their authenticity is not subject to dispute. As Amazon explained, courts regularly take notice of terms and conditions from party websites like those at issue here. *See* RJN at 4. Plaintiffs offer nothing to distinguish Amazon's case law, and while Plaintiffs cite counterexamples where courts have declined to take notice of party websites, those cases are inapposite. In *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1147 n.3 (W.D. Wash. 2017), this Court declined a request for judicial notice where there were factual disputes about the contents of the documents in question. Likewise,

[2] Plaintiffs refer to this as the "Ad Policy" in the Response to Amazon's Request for Judicial Notice.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1162-63 (W.D. Wash. 2015), the party seeking judicial notice "made no effort" to show that the accuracy of the materials submitted "[could ]not reasonably be questioned."

Here, Plaintiffs do not—nor could they reasonably—question that the full-text documents Amazon submits are accurate copies of what is available at the cited links. Amazon simply requests that the Court take notice of these documents to the extent that Plaintiffs have cited them for certain propositions, where other parts of the documents disprove those assertions. These juxtapositions go squarely to the viability of Plaintiffs' claims, as the entirety of the documents undermine the plausibility of Plaintiffs' assertions based on selective quotes. The reliability of these documents as containing the cited information cannot reasonably be questioned—and indeed, Plaintiffs do not actually dispute it.[3] Judicial notice is appropriate.

## III. CONCLUSION

For the above reasons, Amazon respectfully requests that the Court take judicial notice of Exhibits 1–7 in ruling on Amazon's Motion to Dismiss.

DATED this 7th day of August, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon.com, Inc. and Amazon.com Services LLC*

By *s/ John Goldmark*
John Goldmark, WSBA # 40980
Lauren Rainwater, WSBA #43625
Erwin Reschke, *pro hac vice*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Email: JohnGoldmark@dwt.com
Email: LaurenRainwater@dwt.com
Email: ErwinReschke@dwt.com

I certify that this brief contains 1,716 words, in compliance with the Local Civil Rules.

[3] Plaintiffs make a fleeting argument (*see* Resp. at 4 & n.6) that the Wayback Machine is not within Amazon's control. As Amazon explained, courts "routinely" take judicial notice of content via the Wayback Machine. *See* RJN at 4 (collecting cases). Plaintiffs do not distinguish those cases, nor cite any to support their implication that the Wayback Machine does not have the same reliability as the documents for which Amazon has the current website.