1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MEREDITH BEAGLE, et al.,

CASE NO. C24-0316JLR

11

Plaintiffs,

ORDER

v.

12

13

AMAZON.COM, INC. et al.,

14

Defendants.

15

## I.   INTRODUCTION

16   Before the court is Defendants Amazon.com, Inc. and Amazon.com Services

17   LLC's (individually, "Amazon Services," and together with Amazon.com, Inc.,

18   "Amazon") motion to dismiss for failure to state a claim.  (Mot. (Dkt. # 34); Reply (Dkt.

19   # 39).)  Plaintiffs Meredith Beagle, Jordan Guerrero, and Sofauna Johnson (collectively,

20   "Plaintiffs") oppose Amazon's motion to dismiss.  (Resp. (Dkt. # 37).)  The court has

21   //

22   //

ORDER - 1

1  considered the parties' submissions, the relevant portions of the record, and the

2  applicable law.  Being fully advised,[1] the court GRANTS Amazon's motion to dismiss.

3  ## II.    BACKGROUND

4  This case arises out of Amazon Services's alleged disclosure of Plaintiffs'

5  personally identifiable information ("PII") to other Amazon affiliates and third parties.

6  (*See generally* Am. Compl. (Dkt. # 33).)  Plaintiffs compare Amazon to "Big Brother"

7  and seek to vindicate Amazon users' privacy rights through this action.  (*Id.* ¶¶ 3-4.)  In

8  particular, Plaintiffs allege that "Amazon Services maintains a virtual 'warehouse' of data

9  that it collects from [users of Amazon Prime Video] who are unable to opt-out" and gives

10 access to that information to Amazon.com, Inc. and "non-Amazon affiliated third parties"

11 for purposes such as advertising and audience measurement.  (*Id.* ¶¶ 17-18, 25.)

12 Plaintiffs allege that Amazon "burie[s]" these practices in lengthy privacy notices and

13 terms of use.  (*E.g.*, *id.* ¶¶ 56-68; *id.* ¶ 48 (alleging that "[t]he 'disclosures' acknowledge

14 that Amazon Services can and is sharing PII-related video usage history with both

15 Amazon affiliates and unaffiliated third parties").)  Plaintiffs believe that Amazon's

16 alleged disclosure of PII in this manner violates the federal Video Privacy Protection Act

17 ("VPPA"), California Civil Code § 1799.3 ("section 1799.3"), and the Washington

18

19    [1]  Both parties request oral argument (MTD at 1; MTD Resp. at 1), but the court
concludes that oral argument would not aid in its disposition of Amazon's motion, *see* Local
20 Rules W.D. Wash. LCR 7(b)(4).  Amazon also asks the court to take judicial notice of 12
exhibits (*see generally* Request (Dkt. # 36); Request Reply (Dkt. # 41); 6/24/24 Goldmark Decl.
(Dkt. # 35); 8/7/24 Goldmark Decl. (Dkt. # 40)), but the court concludes that judicial notice of
21 these documents is unnecessary to its analysis.  Plaintiffs also filed a notice of supplemental
authority, informing the court of the Ninth Circuit's decision in *Calhoun v. Google, LLC*, ---
22 F.4th ---, 2024 WL 3869446 (9th Cir. 2024).  (Not. (Dkt. # 42).)  After reviewing *Calhoun*, the
court determines that it is not relevant to its analysis of Amazon's motion.

ORDER - 2

1  Consumer Protection Act ("CPA").  (*Id.* ¶¶ 135-163.)  Plaintiffs seek to represent a class

2  comprising "[a]ll persons nationwide who have rented, purchased, or streamed

3  audiovisual content from Amazon Prime within the applicable statute of limitations and

4  as permitted by applicable tolling periods."  (*Id.* ¶ 125.)  Ms. Johnson seeks to represent a

5  sub-class comprising "[a]ll persons in the State of California who have Prime Video and

6  amazon.com accounts, and viewed videos on Prime Video."  (*Id.* ¶ 126.)

7        Defendants move to dismiss Plaintiffs' claims under Federal Rule of Civil

8  Procedure 12(b)(6).  (*See generally* Mot.)  Plaintiffs oppose Amazon's motion and also

9  seek leave to add a claim for invasion of privacy.  (*See generally* Resp.)  Amazon's

10  motion is now ripe for review.

**III.       ANALYSIS**

12        The court sets forth the relevant legal standard before turning to Amazon's motion

13  to dismiss.

14  **A.       Rule 12(b)(6) Legal Standard**

15        Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint

16  upon the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R.

17  Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may "be based on the lack of a cognizable

18  legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

19  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff's

20  complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to

21  relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

22  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the pleading standard

1 │ announced by Federal Rule of Civil Procedure 8 does not require "detailed factual

2 │ allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me

3 │ accusation." *Id.* (requiring the plaintiff to "plead[ ] factual content that allows the court

4 │ to draw the reasonable inference that the defendant is liable for the misconduct alleged"

5 │ (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955)); *see also* Fed. R. Civ. P. 8(a)(2).

6 │ "The plausibility standard is not akin to a 'probability requirement,'  but it asks for more

7 │ than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads

8 │ facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

9 │ between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678

10 │ (quoting *Twombly*, 550 U.S. at 557).

11 │ When considering a Rule 12(b)(6) motion, the court takes the well-pleaded factual

12 │ allegations as true and views such allegations in the light most favorable to the plaintiff.

13 │ *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  The

14 │ court need not, however, accept as true a legal conclusion presented as a factual

15 │ allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true "allegations

16 │ that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences,"

17 │ *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

18 │ **B.      Amazon's Motion to Dismiss**

19 │ Amazon argues that Plaintiffs fail to state a claim for violations of the VPPA,

20 │ section 1799.3, or the CPA.  The court considers Plaintiffs' claims under the VPPA and

21 │ section 1799.3 together before turning to Plaintiffs' claim under the CPA and request to

22 │ add a claim for invasion of privacy.

1

    i.  VPPA and Section 1799.3

2

       The VPPA and section 1799.3 make it unlawful for certain video service providers

3

to "disclose[]" a customer's personal information to another person.  *See* 18 U.S.C.

4

§ 2710(b)(1); Cal. Civ. Code § 1799.3(a).  Both statutes have numerous exceptions,

5

including disclosures that are "incident to the ordinary course of business," 18 U.S.C.

6

§ 2710(b)(2)(E), and disclosures made with the customer's "written consent," Cal. Civ.

7

Code § 1799.3(a).  Amazon argues that Plaintiffs have failed to state a claim under either

8

statute because they do not plausibly allege that Amazon Services actually disclosed any

9

of their PII to Amazon affiliates or third parties.  (*See* Mot. at 9-19.)  The court agrees.[2]

10

       **First**, with respect to Amazon Services's alleged disclosures to other Amazon

11

affiliates, Amazon is correct that Plaintiffs allege, at most, the mere *possibility* that

12

information could be disclosed to those affiliates, rather than that Amazon Services had

13

*in fact* made such disclosures.  (*Id.* at 9.)  Plaintiffs allege that "Amazon Services

14

maintains a virtual 'warehouse' of data that it collects from consumers . . . and gives

15

Amazon[.com,] Inc. *access* to that database."  (Am. Compl. ¶ 18 (emphasis added).)  For

16

each of the named Plaintiffs, Amazon alleges that "Amazon Services . . . disclosed [their]

17

information to Amazon[.com,] Inc. by providing Amazon[.com,] Inc. with direct *access*

18

to Amazon Services'[s] database with information on [them]."  (*Id.* ¶¶ 103, 112, 121

19

20

     [2]  Because the court agrees with Amazon that Plaintiffs have failed to allege any unlawful disclosures of their information, the court does not consider whether Amazon's hypothetical

21

disclosure of said information would be authorized under an exception in the VPPA or section 1799.3. (*See* Mot. at 11 (arguing that "any alleged disclosure to Amazon affiliates falls within the VPPA's ordinary course of business exception" (capitalization altered)); *id.* at 19 (arguing

22

that Ms. Johnson "provided written consent under § 1799.3").)

ORDER - 5

1   (emphasis added).)  Although the act of disclosure suggests access, however, the opposite

2   is not true.  That Amazon Services allegedly provides access to Plaintiffs' PII does not

3   plausibly suggest that Amazon Services has taken the affirmative act of disclosing that

4   data to Amazon.com, Inc. or that Amazon.com, Inc. has actually received that data.  *See*

5   *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with'

6   a defendant's liability, it 'stops short of the line between possibility and plausibility[.]'"

7   (quoting *Twombly*, 550 U.S. at 557)).

8        Plaintiffs' cited cases are distinguishable because, in both cases, the defendant

9   automatically sent the users' PII to third parties.  In *In re Hulu Privacy Litigation*, Hulu

10   had written a code that "automatically" transmitted users' PII to Facebook.  No.

11   C11-03764 LB, 2014 WL 1724344, at *13, *16 (N.D. Cal. Apr. 28, 2014).  Similarly, in

12   *Czarnionka v. Epoch Times Association, Inc.*, the plaintiff alleged that "a string of code"

13   would "send[] Facebook information about the subscriber" to the defendant "[w]hen a

14   subscriber views a video on Defendant's website."  No. 22 Civ. 6348 (AKH), 2022 WL

15   17069810, at *1 (S.D.N.Y. Nov. 17, 2022).  Plaintiffs make no allegations in their

16   complaint of automatic disclosures from Amazon Services to Amazon.com, Inc.  (*See*

17   *generally* Am. Compl.)  This case is more akin to *Rodriguez v. Sony Computer*

18   *Entertainment America LLC*, in which the "plaintiff's allegations fail[ed] to state that a

19   disclosure ha[d] ***affirmatively*** taken place," No. C 11-4084 PJH, 2012 WL 12921066, at

20   *1 (N.D. Cal. Apr. 20, 2012) (emphasis added), and *Mendoza v. Microsoft Inc.*, in which

21   the plaintiffs' complaint failed to explain "how the disclosures happened, to whom the

22   information was disclosed/sold, or even that ***Plaintiffs' own information was disclosed***,"

ORDER - 6

1  No. C14-0316MJP, 2014 WL 4540213, at *1 (W.D. Wash. Sept. 11, 2014) (emphasis

2  added).

3      **Second**, the court agrees with Amazon that Plaintiffs do not plausibly allege that

4  Amazon Services disclosed their PII to any unaffiliated third parties.  (Mot. at 14.  *See*

5  *generally* Am. Compl.)  Instead, Plaintiffs surmise that because Amazon's Prime Video

6  Terms of Use state that Amazon Services "**may** provide information about your viewing

7  behavior to third parties," Amazon Services must have disclosed Plaintiffs' PII to third

8  parties.  (*See* Am. Compl. ¶¶ 76-80; *see also* Resp. at 14 (stating that there is an

9  "inference that the data is actually being disclosed" to third parties).)  Although

10  Plaintiffs' allegations are again consistent with Amazon's liability, they still fail to state a

11  claim that is plausible and not merely possible.

12      Because Plaintiffs do not plausibly allege that Amazon Services disclosed their PII

13  to Amazon affiliates or third parties, they have failed to plead an essential element of a

14  claim under the VPPA or section 1799.3.  The court therefore grants Amazon's motion to

15  dismiss these claims.  Because it cannot conclude at this time that amendment would be

16  futile, the court grants Plaintiffs leave to amend these claims.

17      ii.  CPA

18      Amazon argues that the court should also dismiss Plaintiffs' CPA claim for two

19  reasons:  (1) Plaintiffs fail to allege any "unfair" or "deceptive" acts; and (2) Plaintiffs

20  fail to allege a cognizable injury to their business or property.  (Mot. at 22-24.)  Plaintiffs

21  do not argue that Amazon engaged in any "deceptive" acts and "concede that they have

22  not alleged an injury under the []CPA."  (Resp. at 24-25.)  Nevertheless, Plaintiffs argue

1   that Amazon engaged in "unfair" practices by (1) disclosing Plaintiffs' PII in violation of

2   the VPPA and section 1799.3 and (2) misleading Plaintiffs about the information being

3   collected, failing to provide an opt-out mechanism, and failing to timely destroy records.

4   (*Id.*)  Plaintiffs also "request leave to amend to add allegations regarding the lost value of

5   their PII and time or expenses incurred mitigating the disclosure of their PII."  (*Id.* at 25.)

6   The court dismisses Plaintiffs' CPA claim without leave to amend.

7          "[T]o prevail in a private CPA action . . . a plaintiff must establish five distinct

8   elements:  (1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce;

9   (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and]

10  (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d

11  531, 533 (Wash. 1986).

12         First, Plaintiffs cannot plead an unfair act under the CPA.  An "unfair act" under

13  the CPA is one that "(1) causes or is likely to cause substantial injury, which (2)

14  consumers cannot avoid, and (3) is not 'outweighed by countervailing benefits.'"

15  *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 628 (Wash. Ct. App. 2017)

16  (quoting *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013)).  As discussed

17  above, Plaintiffs have failed to allege that Amazon disclosed their PII in violation of the

18  VPPA or section 1799.3.  Even if Plaintiffs had alleged that disclosure of their PII caused

19  or is likely to cause them substantial injury however, that injury would have been

20  avoidable.  Plaintiffs allege that the relevant terms and conditions disclose these exact

21  data practices.  (*See* Am. Compl. ¶ 48 ("The 'disclosures' acknowledge that Amazon

22  Services can and is sharing PII-related video usage history with both Amazon affiliates

1   and unaffiliated third parties[.]”).)  As a result, all Plaintiffs had to do to avoid the alleged

2   injury was read the terms and conditions and choose not to use Amazon’s services.  *See*

3   *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 859 (W.D. Wash. 2023) (“In light of

4   Amazon’s disclosures, consumers would have ‘reason to anticipate’ their injury and ‘the

5   means to avoid it’—*i.e.*, by reviewing the Alexa Terms and decline to purchase and use

6   an Alexa-enabled device.”).

7        Second, Plaintiffs cannot plead an injury to their business or property that is

8   cognizable under the CPA.  At most, Plaintiffs allege that Amazon invaded their privacy,

9   which is “a ‘personal’ injury, rather than a ‘business or property’ injury.”  *Gragg v.*

10  *Orange Cab Co.*, 942 F. Supp 2d 1111, 1118-19 (W.D. Wash. 2013) (“Plaintiff cites no

11  Washington law that establishes that an invasion of privacy is a cognizable injury under

12  the CPA, and the Court has not found any such authority.”).  Plaintiffs’ cited cases are

13  distinguishable because they involved victims of data breaches.  In *Krefting v.*

14  *Kaye-Smith Enterprises Inc.*, the plaintiff “discovered a credit account fraudulently

15  opened using his personal information.”  No. C23-0220JNW, 2023 WL 4846850, at *3,

16  (W.D. Wash. July 28, 2023).  In *Guy v. Convergent Outsourcing, Inc.*, the Plaintiffs

17  alleged that their information was “now available for sale on the ‘Dark Web,’” and one

18  plaintiff in particular experienced “many spam phone calls and emails daily after the data

19  breach, but not before.”  No. C22-1558MJP, 2023 WL 4637318 (W.D. Wash. July 20,

20  2023).  As Plaintiffs’ complaint makes clear, this is a case about Amazon’s alleged

21  disclosure of information to Amazon affiliates and third parties, not Amazon’s failure to

22  protect Plaintiffs’ information from hackers.  (*See* Am. Compl. ¶ 5.)  Plaintiffs do not,

1    and cannot, allege that they are the victims of an unfair act or suffered a cognizable injury

2    under the CPA.  The court therefore dismisses this claim with prejudice.

3            iii.  Invasion of Privacy

4            Plaintiffs ask the court to grant them leave to add a claim for invasion of privacy if

5    it denies them leave to amend their CPA claim.  (Resp. at 25.)  The court denies

6    Plaintiffs' request because such a claim would be futile.

7            "One who gives publicity to a matter concerning the private life of another is

8    subject to liability to the other for invasion of his privacy, if the matter publicized is of a

9    kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate

10   concern to the public."  *Emeson v. Dep't of Corr.*, 376 P.3d 430, 442 (Wash. Ct. App.

11   2016) (quoting Restatement (Second) of Torts § 652D)).  "[P]ublicity 'means that the

12   matter is made public, by communicating it to the public at large, or to so many persons

13   that the matter must be regarded as substantially certain to become one of public

14   knowledge.'"  *Id.* (quoting Restatement (Second) of Torts § 652D cmt. a).

15           This is not a case about Amazon's disclosure of Plaintiffs' PII to the public at

16   large.  To the contrary—and as noted above—it is a case about Amazon's alleged

17   disclosures of PII within the Amazon ecosystem and to certain third parties to

18   communicate with Amazon users about promotional offers and target them with ads.

19   (*See* Am. Compl. ¶ 69); *see also Nienaber v. Overlake Hosp. Med. Ctr.*, No.

20   C23-1159TL, 2024 WL 2133709, at *10 (W.D. Wash. May 13, 2024) ("Plaintiff does not

21   allege that the information shared by Defendant will become available to the public *at*

22   *large*; to the contrary, Plaintiff alleges that the information is shared with Facebook and,

1 | in turn, is being used by Facebook to target Plaintiff herself."). The court therefore

2 | denies Plaintiffs' request for leave to add an invasion of privacy claim.

3 | **IV.   CONCLUSION**

4 | For the foregoing reasons, the court GRANTS Amazon's motion to dismiss (Dkt.

5 | # 34). The court DISMISSES Plaintiffs' claims under the VPPA and section 1799.3

6 | without prejudice and with leave to amend. The court DISMISSES Plaintiffs' claim

7 | under the CPA with prejudice and without leave to amend. The court DENIES Plaintiffs'

8 | request for leave to add a claim for invasion of privacy under Washington law. Plaintiffs

9 | shall file their amended complaint by no later than **September 20, 2024**. If Plaintiffs fail

10 | to file an amended complaint by that date, the court will dismiss all of their claims and

11 | this action with prejudice.

12 | Dated this 3rd day of September, 2024.

13

14 | JAMES L. ROBART
United States District Judge

15

16

17

18

19

20

21

22

ORDER - 11