THE HONORABLE JUDGE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

AMAZON.COM, INC. and AMAZON.COM SERVICES LLC.,

Defendants.

Case No.: 2:24-cv-00316-JLR

**PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE**

**<u>NOTED ON MOTION CALENDAR:</u>**
**September 20, 2024**



BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. LEGAL STANDARD ........................................................................................................ 2

III. LAW & ARGUMENT ........................................................................................................ 3

IV. CONCLUSION ........................................................................................................ 5



BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

# TABLE OF AUTHORITIES

## Cases

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. Nov. 3, 2019) ....... 2, 3

*Rodgers v. Watt*, 722 F.2d 456 (9th Cir. 1983) ....... 2

## Other Authorities

105 Cal. Op. Att'y Gen. 26 (2022) ....... 4

## Rules

Fed. R. Civ. P. 1 ....... 2

Fed. R. Civ. P. 6(b)(1) ....... 2

Local Rules W.D. Wash. LCR 7(j) ....... 3

## Treatises

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004) ....... 2

## Codes

Cal. Civ. Code § 1798.110 ....... 1, 4

Cal. Civ. Code § 1798.110(c)(4)-(5) ....... 4

Cal. Civ. Code § 1798.115 ....... 1

Cal. Civ. Code § 1798.115(c)(1) ....... 4

Cal. Civ. Code § 1798.115(c)(2) ....... 4

Cal. Civ. Code § 1798.130 ....... 4



BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

## I. INTRODUCTION

Plaintiffs Meredith Beagle ("Beagle"), Jordan Guerrero ("Guerrero"), and Sofauna Johnson ("Johnson" and, together with Beagle and Guerrero, "Plaintiffs") respectfully submit this Motion for Relief from Deadline ("Motion"). Specifically, Plaintiffs request that this Court extend the deadline to amend their Complaint by four weeks, from September 20, 2024, to October 21, 2024. Plaintiffs request this relief to allow time to obtain data disclosures from Defendants in accordance with their contemporaneously filed Motion to Expedite Discovery and pursuant to Johnson's statutory right to this information under California law. *See* Cal Civ Code § 1798.110 *et seq.* Amazon.com, Inc. ("Amazon Inc.") and Amazon.com Services LLC, ("Amazon Services" and, together with Amazon Inc., the "Amazon Defendants") have a statutory obligation to provide this information under California law, but do not appear to have made a code-compliant production.

Johnson requested this information on July 10, 2024. Declaration of Sofauna Johnson ("Johnson Decl.") ¶ 2. The Amazon Defendants produced one folder containing documents relating to Johnson's subscriptions, none of which identify the categories of third parties to whom the Amazon Defendants disclose personal information. *Id.* ¶ 3. The Amazon Defendants' production fails to comply with California Civil Code § 1798.110, which requires disclosure of all categories of personal information collected, the categories of sources, the purposes for collection, and the categories of third parties with whom information is shared. Additionally, the Amazon Defendants failed to identify any third parties with whom it shared Johnson's personal information. The Amazon Defendants should have acknowledged this even if—in the unlikely event—no data was shared. Moreover, the Amazon Defendants were required to disclose whether they had sold or shared Johnson's personal information to third parties, what information they sold or shared, and to whom. *See* Cal. Civ. Code § 1798.115. The absence of



BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

these disclosures violates the statute's requirement to provide a comprehensive accounting of personal data collected and shared.

Without this data, Plaintiffs cannot fully evaluate how the Amazon Defendants handled their information, which directly impacts their ability to amend claims previously dismissed by this Court under the Video Privacy Protection Act ("VPPA") and California Civil Code § 1799.3. Due to the fact the production appears incomplete, good cause exists for this Court to grant Plaintiffs' request to extend the deadline for amendment of their remaining claims until October 21, 2024, by which time they should have access to the necessary data to address the disclosure issues that formed the basis for the dismissal of their claims under the VPPA and § 1799.3.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 6(b)(1), "[w]hen an act . . . must be done within a specified time, the court, may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). As with all the Rules, Rule 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. Nov. 3, 2019) (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)); *see also* Fed. R. Civ. P. 1 (the Rules should be used "to secure the just, speedy, and inexpensive determination of every action"). "[R]equests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259 (internal quotations and ellipses omitted); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004).


BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

## III. LAW & ARGUMENT

This Court dismissed Plaintiffs' claims under the VPPA and § 1799.3 because of Plaintiffs' allegations related to the disclosure of their PII. ECF No. 43, pp. 5-7, 11. The dismissal as to these claims was without prejudice and with leave to amend. *Id.* The Court set a September 20, 2024 deadline for amendment. ECF No. 43, p. 11. Promptly upon receiving notice that this Court required more information to show disclosure in support of their claims at the motion to dismiss stage, the Plaintiffs began preparing this Motion. Plaintiffs respectfully request relief from the current September 20, 2024, deadline and ask this Court to extend it to October 21, 2024, by which time the Plaintiffs expect to obtain additional information about the Amazon Defendants' data disclosure practices. This Motion is being filed within three days of the dismissal order and well in advance of the current deadline, allowing this Court time to issue an order before the deadline passes. Local Rules W.D. Wash. LCR 7(j).

Here, a liberal construction of Rule 6 supports granting the extension to ensure this case is resolved on the merits. Plaintiffs' request for the deadline extension will provide Plaintiffs time to obtain additional information to amend their complaint. Because this request for an extension is made before the deadline has passed, the Motion should be granted absent a showing of bad faith or prejudice to the adverse party. *Ahanchian*, 624 F.3d at 1259. There is no evidence of bad faith by Plaintiffs or prejudice to the adverse party. To the contrary, granting this extension will put Plaintiffs in the position they would have been in but for Amazon Defendants' incomplete production of information.

*First*, Plaintiffs should have additional information because Johnson is entitled to this information under California law. The California Consumer Privacy Act of 2018 gives consumers the right to request that a business disclose "[t]he specific pieces of personal information it has collected about [them]" as well as "[t]he categories of third parties to whom


BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

the business discloses personal information." Cal. Civ. Code § 1798.110(c)(4)-(5). Crucially, businesses like Amazon Defendants are required to provide *affirmative responses* to consumer requests. Here, Johnson, a California resident, requested this information on July 10, 2024. Johnson Decl. ¶ 2. Yet, the Amazon Defendants produced only one folder containing documents relating to Johnson's subscriptions, none of which identify the categories of third parties to whom the Amazon Defendants disclose personal information. *Id.* ¶ 3. This does not comply with the requirements of the statute. *See* Cal. Civ. Code § 1798.110; *id.* at § 1798.130 (outlining a business's disclosure requirements in response to a consumer's request under § 1798.110 & § 1798.115). Despite being required to disclose all categories of personal information collected, the categories of sources, the purposes for collection, and the categories of third parties with whom information is shared, the Amazon Defendants only produced information related to subscription preferences and billing, omitting critical categories like purchase history, addresses, and search history. Moreover, the Amazon Defendants failed to identify any third parties with whom it shared Johnson's personal information. Even in the unlikely event that no data was shared, the Amazon Defendants should have acknowledged that fact. Cal. Civ. Code § 1798.115(c)(1) ("[I]f the business has not sold or shared consumers' personal information, it shall disclose that fact."); *Id.* § 1798.115(c)(2) (similar); *see also* 105 Cal. Op. Att'y Gen. 26 (2022) ("If a business is unable to comply completely with a request, it is still obliged to provide as much information as it can.").

In these circumstances, good cause exists for an extension of Plaintiffs' deadline to file an amended complaint: Without this data, Plaintiffs cannot fully evaluate how the Amazon Defendants handled their information, which directly impacts their ability to amend their claims under the VPPA and § 1799.3.



BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

*Second*, Plaintiffs are contemporaneously filing a Motion for Expedited Discovery to propound narrowly written discovery requests to Amazon Defendants.[1] If granted, the discovery responses should provide additional information to resolve ambiguities about the Amazon Defendants' disclosure practices.

## IV. CONCLUSION

For all the reasons outlined above, good cause exists for this court to amend the deadline. As such, Plaintiffs' request that this Court grant this Motion in full and extend the deadline to amend their complaint to October 21, 2024.

[1] Exhibit 1, Limited Requests for Admission (six requests to Amazon Services; two requests to Amazon Inc.).


BRAGAR EAGEL & SQUIRE, P.C.
810 SEVENTH AVE., STE. 620
NEW YORK, NY 10019
(212) 308-5858

DATED: September 6, 2024

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**
*(Admitted pro hac vice)*

/s/ *Casey C. DeReus*
Casey C. DeReus (LA Bar #37096)
Lawrence P. Eagel (NY Bar #1924067)
BRAGAR EAGEL & SQUIRE, P.C.
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone: (212) 308-5858
Facsimile: (212) 486-0462
Email: eagel@bespc.com
dereus@bespc.com

Melissa A. Fortunato (CA Bar #319767)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 304-0506
Email: fortunato@bespc.com

*Interim Co-Lead Counsel for the Nationwide Class*

**DUNCAN LAW, PLLC**
/s/ *Shaquelle M. Duncan*
Shaquelle M. Duncan (WA Bar #56701)
410 SW 10th Street, Suite 215
Renton, WA 98057
Telephone: (206) 237-7714
Facsimile: (206) 238-1324
Email: duncans@duncanlawpllc.com

*Additional Counsel for Plaintiffs*

**BURNS CHAREST LLP**
*(Admitted pro hac vice)*

/s/ *Korey A. Nelson*
Amanda K. Klevorn (LA Bar #35193)
Korey A. Nelson (LA Bar #30002)
Laura S. Seggerman (TX Bar #24134116)
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845

Facsimile: (504) 881-1765
Email: aklevorn@burnscharest.com
knelson@burnscharest.com
lseggerman@burnscharest.com

Cristina Delise (NY Bar #5442033)
Burns Charest LLP
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (469) 904-4550 main
Telephone: (469) 663-5940 direct
Facsimile: (469) 444-5002
Email: cdelise@burnscharest.com

*Interim Co-Lead Counsel for the Nationwide Class*

**CARSON NOEL PLLC**
Wright A. Noel
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
Facsimile: (425) 837-5396
Email: wright@carsonnoel.com

*Additional Counsel for Plaintiffs*

**BURSOR & FISHER, P.A.**

*/s/ Brittany S. Scott*
Brittany S. Scott*
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: bscott@bursor.com

Joseph I. Marchese*
Philip L. Fraietta*
1300 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
pfraietta@bursor.com

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 1,351 words, in compliance with the Local Civil Rules.

DATED: September 06, 2024

/s/ *Casey C. DeReus*
**BRAGAR EAGEL & SQUIRE, P.C.**
*(Admitted pro hac vice)*

*Interim Co-Lead Counsel for the Nationwide Class*

**CERTIFICATE OF SERVICE**

I, Casey C. DeReus, hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED: September 06, 2024

/s/ *Casey C. DeReus*
**BRAGAR EAGEL & SQUIRE, P.C.**
*(Admitted pro hac vice)*

*Interim Co-Lead Counsel for the Nationwide Class*