UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH BEAGLE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AMAZON.COM, INC. et al.,<br><br>　　　　　Defendants. | CASE NO. C24-0316JLR<br><br>ORDER |

Before the court is Plaintiffs Meredith Beagle, Jordan Guerrero, and Sofauna Johnson's (collectively, "Plaintiffs") "*ex parte* motion to correct not[ing] date on *ex parte* motion for expedited discovery." (Mot. (Dkt. # 47).) Plaintiffs ask the court to re-note their motion to expedite discovery as a same-day motion under this District's local rules. (Mot. at 1; *see also* Disc. Mot. (Dkt. # 45)); *see* Local Rules W.D. Wash. LCR 7(d)(1) (providing that *ex parte* motions shall be noted as same-day motions). The court DENIES Plaintiffs' motion.

//

ORDER - 1

1    First, filing an *ex parte* motion for expedited discovery was not appropriate.  "Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief."  *Greer v. County of San Diego*, No. 19-cv-378-JO-DEB, 2022 WL 104724, at *1 (S.D. Cal. Jan. 11, 2022) (quoting *Langer v. McHale*, No. 13cv2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014)).  Plaintiffs do not explain why they believe *ex parte* relief is warranted in this case, in which Defendants Amazon.com Inc. and Amazon.com Services LLC (together, "Amazon") have already appeared.  (*See generally* Mot.; Mot. for Exp. Disc.)  Plaintiffs argue that Amazon "routinely files *Ex Parte* Motions for Expedited Discovery" (Mot. at 1), but those cases involved early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served, *see generally Amazon.com, Inc. v. Weiyuan*, No. C23-0931RSM, 2024 WL 992609 (W.D. Wash. Feb. 22, 2024); *Amazon.com, Inc. v. Phmn9y3v*, No. C22-0840MJP, 2023 WL 1869291 (W.D. Wash. Jan. 11, 2023).  Here, Amazon has already appeared, and it must be afforded an opportunity to respond to Plaintiffs' motion for expedited discovery.

  Second, Plaintiffs improperly noted their motion for expedited discovery.  Plaintiffs noted their motion as a 14-day motion, but 14-day motions encompass only "[m]otions for relief from a deadline[] and motions for protective order."  Local Rules W.D. Wash. LCR 7(d)(2).  Because a motion for expedited discovery is not "specifically listed in LCR 7(d)(1), 7(d)(2), and 7(d)(4)," Plaintiffs' motion should be "noted for consideration no earlier than 21 days from the date of filing."  *Id.* LCR 7(d)(3).

ORDER - 2

For the foregoing reasons, the court DENIES Plaintiffs' motion to correct a noting date (Dkt. # 47), DIRECTS the Clerk to re-note Planitiffs' motion for expedited discovery (Dkt. # 45) for consideration on September 27, 2024, and DIRECTS Plaintiffs' counsel to review this District's Local Civil Rules, available at https://www.wawd.uscourts.gov/local-rules-and-orders.

Dated this 10th day of September, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3