The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | No. 2:24-cv-00316-JLR<br><br>AMAZON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR: February 28, 2025[1]<br><br>ORAL ARGUMENT REQUESTED |

[1] Based on briefing schedule set pursuant to the parties' Stipulated Order (Dkt. 58).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF CONTENTS

**Page**

REQUEST FOR JUDICIAL NOTICE ....................1

I. INTRODUCTION ....................1

II. THE COURT SHOULD GRANT JUDICIAL NOTICE....................2

A. Amazon's Privacy Notice and Related Online Terms Are Incorporated by Reference Into the Complaint. ....................3

B. Amazon's Privacy Notice and Related Online Terms Are Judicially Noticeable. ....................4

C. Amazon's Corporate History Is Judicially Noticeable. ....................5

III. CONCLUSION....................5



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ....................3

*FTC v. LendingClub Corp.*,
2018 WL 11436309 (N.D. Cal. Oct. 3, 2018)....................4, 5

*Garner v. Amazon.com, Inc.*,
603 F. Supp. 3d 985 (W.D. Wash. 2022)....................5

*Hulsey v. Peddle, LLC*,
2017 WL 8180583 (C.D. Cal. Oct. 23, 2017)....................3

*In re Facebook, Inc. Sec. Litig.*,
477 F. Supp. 3d 980 (N.D. Cal. 2020) ....................5

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
540 F.3d 1049 (9th Cir. 2008) ....................5

*Opperman v. Path, Inc.*,
84 F. Supp. 3d 962 (N.D. Cal. 2015)....................5

*Stark v. Patreon, Inc.*,
2022 WL 7652166 (N.D. Cal. Oct. 13, 2022)....................4

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ....................4

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....................3

*Williams v. Oberon Media, Inc.*,
2010 WL 1644888 (C.D. Cal. Mar. 4, 2010)....................4

*Wilson v. Playtika, Ltd.*,
349 F. Supp. 3d 1028 (W.D. Wash. 2018)....................2, 4

*Yuksel v. Twitter, Inc.*,
2022 WL 16748612 (N.D. Cal. Nov. 7, 2022) ....................5

**Federal Statutes**

18 U.S.C. § 2710....................3



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Statutes**

Cal. Civ. Code § 1799.3 ......................................................................................................3

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) ..........................................................2, 4

Federal Rules of Evidence
Rule 201 ......................................................................................................1, 2, 5
Rule 201(b) ......................................................................................................2

**Other Authorities**

Corporation Summary published by the Rhode Island Government and available at
https://business.sos.ri.gov/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=001678777......2



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**REQUEST FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") respectfully request that the Court take judicial notice of the following documents, true and correct copies of which are attached to the concurrently filed Declaration of John Goldmark in support of Amazon's Motion to Dismiss Plaintiffs' Third Amended Complaint ("Goldmark Decl."):

**Exhibit 1.** A copy of the Federal Trade Commission's September 2024 report titled "A Look Behind the Screens" ("Behind the Screens Report"). Goldmark Decl. Ex. 1.

**Exhibit 2.** An image of the Amazon.com Conditions of Use ("COUs") publicly available on the Amazon.com website since at least September 14, 2022, as they appeared on June 18, 2024. Goldmark Decl. Ex. 2.

**Exhibit 3.** An image of the Amazon.com COUs publicly available on the Amazon.com website effective June 21, 2016, as they appeared on May 29, 2017. Goldmark Decl. Ex. 3.

**Exhibit 4.** An image of the Amazon.com COUs publicly available on the Amazon.com website effective May 30, 2017, as they appeared on June 5, 2017. Goldmark Decl. Ex. 4.

**Exhibit 5.** An image of the Amazon.com COUs publicly available on the Amazon.com website effective October 3, 2017, as they appeared on January 4, 2018. Goldmark Decl. Ex. 5.

**Exhibit 6.** An image of the Prime Video Terms of Use publicly available on the Amazon.com website since at least October 19, 2023, as they appeared on June 18, 2024. Goldmark Decl. Ex. 6.

**Exhibit 7.** An image of the Prime Terms & Conditions publicly available on the Amazon.com website since at least May 11, 2021, as they appeared on June 18, 2024. Goldmark Decl. Ex. 7.

**Exhibit 8.** An image of the Amazon.com Privacy Notice publicly available on the Amazon.com website from at least August 11, 2023 until March 30, 2024, as they appeared on March 4, 2024. Goldmark Decl. Ex. 8.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**Exhibit 9.** An image of the Amazon.com Privacy Notice publicly available on the Amazon.com website effective March 3, 2014, as it appeared on June 19, 2016. Goldmark Decl. Ex. 9.

**Exhibit 10.** An image of the Amazon.com Privacy Notice publicly available on the Amazon.com website effective August 29, 2017, as it appeared on March 4, 2019. Goldmark Decl. Ex. 10.

**Exhibit 11.** An image of Amazon's Interest-Based Ads Policy publicly available on the Amazon.com website, as it appeared on June 18, 2024. Goldmark Decl. Ex. 11.

**Exhibit 12.** A copy of the letter sent by Amazon's counsel in response to Plaintiff Sofauna Johnson's data request. Goldmark Decl. Ex. 12.

**Exhibit 13.** An image of Amazon.com Services LLC Corporation Summary published by the Rhode Island Government and available at https://business.sos.ri.gov/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=001678777. Goldmark Decl. Ex. 13.

As set forth below, each exhibit is judicially noticeable, and therefore the Court may consider them in ruling on Amazon's Motion to Dismiss.

## II. THE COURT SHOULD GRANT JUDICIAL NOTICE

On a motion to dismiss, a court may consider materials outside the complaint "if they fall within the exceptions to the 'general rule that a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1041 (W.D. Wash. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The first exception applies where a complaint incorporates external material into the pleading by reference. *Id.* at 1041–42. The second exception falls under Rule 201, whereby a Court may take judicial notice of "matters of public record." *Id.* at 1042 (citation & internal quotation marks omitted). Such matters of public record are those that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The documents



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

for which Amazon seeks judicial notice fall within these exceptions, and therefore are the proper subject of judicial notice.

### A. Amazon's Privacy Notice and Related Online Terms Are Incorporated by Reference Into the Complaint.

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Here, Plaintiffs refer extensively to Amazon's exhibits in their Third Amended Complaint ("TAC"), thereby incorporating them by reference. *See* TAC ¶¶ 49–51 & nn.23–24 (quoting *Behind the Screens* Report, Ex. 1); ¶¶ 53–92, & nn.7, 15, 25-41 (quoting Amazon's disclosures, agreements, and web pages, Exs. 2–11); ¶¶ 93–97, & nn.8 (quoting letter from Amazon's counsel to Plaintiff Sofauna Johnson, Ex. 12). These documents are central to Plaintiffs' claims because Plaintiffs allege that Amazon.com Services LLC collected and shared customer Personally Identifiable Information ("PII") with Amazon affiliates in violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and state law analogues like Cal. Civ. Code § 1799.3. TAC ¶¶ 137–152. The TAC relies extensively on language excerpted from Amazon's Privacy Notice and other online terms, the *Behind the Screens Report*, and the letter Amazon's counsel sent Plaintiff Sofauna Johnson to support their speculation as to how Amazon might have treated Plaintiffs' PII. *See* TAC ¶¶ 49–51, 53–69, 71–92, 94–97 *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs directly quoted the material posted on these web pages, thereby incorporating them into the Complaint.").

Plaintiffs further rely on the privacy disclosures and agreements to assert that Amazon failed to obtain Plaintiffs' written consent to disclosure of PII, allegedly in violation of the VPPA and Cal. Civ. Code § 1799.3. TAC ¶¶ 60–68. These exhibits are therefore appropriate for judicial notice. *See Hulsey v. Peddle, LLC*, 2017 WL 8180583, at *1 n.1 (C.D. Cal. Oct. 23, 2017) ("The Court takes judicial notice of [defendant's] Privacy Policy because its authenticity is not contested and it is central to [plaintiff's] claim that she did not consent to receive texts ….") (citing *Coto*



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)); *Stark v. Patreon, Inc.*, 2022 WL 7652166, at *5 (N.D. Cal. Oct. 13, 2022) ("The Court takes judicial notice of the existence of [defendant's online terms of use and privacy notice] and their contents—as is relevant, for example, to show what exactly [defendant] *disclosed* in its policies."). Amazon also retrieved historical versions of the Conditions of Use and Privacy Notice from the Wayback Machine, Goldmark Decl. Exs. 3–5, 8–10, which Courts routinely recognized as a source "whose accuracy cannot reasonably be questioned." *FTC v. LendingClub Corp.*, 2018 WL 11436309, at *4 (N.D. Cal. Oct. 3, 2018) (citation omitted).

Further, Plaintiffs' selective quoting of Amazon's publicly available terms, the *Behind the Screen* Report, and Amazon's letter is precisely what the incorporation by reference doctrine is designed to prevent. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference was designed "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based") (citation & internal quotation marks omitted). Plaintiffs omitted portions of Amazon's Privacy Notice and related policies in their allegations in the TAC, and those omissions add important context and completeness to the issues before the Court. This Court should thus take judicial notice of Amazon's Privacy Notice and related online policies, the *Behind the Screens* Report, and Amazon's letter as incorporated by reference into the complaint. *See, e.g.*, *Williams v. Oberon Media, Inc.*, 2010 WL 1644888, at *1 n.1 (C.D. Cal. Mar. 4, 2010) (taking judicial notice of screenshot of online terms and conditions because they were incorporated by reference in plaintiffs' complaint).

### B. Amazon's Privacy Notice and Related Online Terms Are Judicially Noticeable.

In addition to being incorporated by reference, Exhibits 1–11are judicially noticeable because they appear on publicly available websites and their authenticity is not subject to dispute. Goldmark Decl. ¶¶ 2–12; *see Wilson*, 349 F. Supp. 3d at 1042 ("The Court can take judicial notice of the Terms because they derive from a 'publicly accessible website.'") (citation omitted). Courts routinely take judicial notice of online privacy policies, as well as company webpages. *See id.*



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

(taking judicial notice of terms of use); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 993 (W.D. Wash. 2022) (taking judicial notice of survey that was publicly available on webpage); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "four versions of Google's Privacy Policy" available on Google's website); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (collecting cases taking judicial notice of publicly available policies). Further, "[i]t is common for courts to take judicial notice of a company's historical privacy policies[,]" *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009–10 (N.D. Cal. 2020), and courts in this circuit treat webpages retrieved from the Wayback Machine like any other webpage. *See Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022) ("District courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine"; collecting cases and taking judicial notice of webpages from Wayback Machine) (citation omitted); *FTC*, 2018 WL 11436309, at *4 ("Courts in this circuit have noted that the Wayback Machine is … a source" "whose accuracy cannot reasonably be questioned"; collecting cases and taking judicial notice of webpage from Wayback Machine). The Court should do the same here.

### C. Amazon's Corporate History Is Judicially Noticeable.

Financial documents, like Exhibit 13, which establish the corporate history and predecessor companies of Amazon.com Services LLC and Amazon.com, Inc. are both judicially noticeable, too. Courts can consider securities offerings and corporate disclosure documents that are publicly available. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of reported stock price history and other publicly available financial documents).

## III. CONCLUSION

For the above reasons, Amazon respectfully requests that the Court take judicial notice of Exhibits 1–13 in ruling on Amazon's Motion to Dismiss.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 17th day of January, 2025.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon.com, Inc. and Amazon.com Services LLC*

By *s/ John Goldmark*
John Goldmark, WSBA # 40980
Lauren Rainwater, WSBA #43625
Erwin Reschke, *pro hac vice*
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Email: JohnGoldmark@dwt.com
Email: LaurenRainwater@dwt.com
Email: ErwinReschke@dwt.com