The Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MEREDITH BEAGLE, JORDAN GUERRERO, and SOFAUNA JOHNSON on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,<br><br>Defendants. | No.: 2:24-cv-00316-JLR<br><br>**PLAINTIFFS' RESPONSE TO AMAZON'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 28, 2025<br><br>ORAL ARGUMENT REQUESTED |


Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

Plaintiffs Meredith Beagle ("Beagle"), Jordan Guerrero ("Guerrero"), and Sofauna Johnson ("Johnson") (collectively "Plaintiffs") respectfully submit this Response to the "Request for Judicial Notice in Support of Motion to Dismiss Third Amended Complaint" ("RJN") filed by Defendants Amazon.com, Inc. ("Amazon Inc.") and Amazon.com Services, LLC ("Amazon Services") (collectively "Defendants" or "Amazon").

## I. PRELIMINARY STATEMENT

Defendants ask the Court to consider thirteen documents through judicial notice or incorporation-by-reference when ruling on their Motion to Dismiss: (i) certain Amazon fine print, (ii) a letter received by Johnson, (iii) a Federal Trade Commission Report ("FTC"), and (iv) Amazon's corporate history. Judicial notice of these documents is improper for three reasons. First, it is well established that the information contained in private corporate and party-defendant websites—like Amazon's fine print—is subject to reasonable dispute, making judicial notice improper. Second, Amazon's request for judicial notice of its fine print and its entire corporate history is overbroad. Third, Defendants have failed to establish that certain proffered, undated documents[1] are the same documents referenced in the Third Amended Complaint ("Complaint").

Incorporation-by-reference is also improper because (i) the request as to Amazon's fine print is overbroad and (ii) to the extent Amazon offers these documents to argue consent, the documents do not form the basis of the Complaint.

[1] Amazon.com's Internet-Based Ads Policy ("Ad Policy"), the Prime Video Terms of Use ("Prime Terms"), and the Prime Terms and Conditions ("Prime T&C").

## II. THE DOCUMENTS

Ten of the proffered documents are fine print from Amazon's websites. They include: (1) four versions of Amazon.com's Conditions of Use ("COU"); (2) three versions of Amazon.com's Privacy Notice ("Privacy Notice"); (3) one version of the Ad Policy; (4) one version of the Prime Terms; and (5) one version the Prime T&C (collectively the "Amazon Fine Print.").[2] Amazon does not provide any effective dates for or different versions of the Ad Policy, the Prime Terms, or the Prime T&C.[3]

The three other proffered documents are (1) a copy of the Federal Trade Commission's September 2024 report titled "A Look Behind the Scenes" ("*Behind the Screens* Report");[4] (2) a copy of a letter received by Johnson,[5] and (3) an image of Amazon.com Services LLC's Corporation Summary from the Rhode Island Secretary of State ("Amazon Services Summary.")[6] The Amazon Services Summary does not mention Amazon Digital Services, Inc.[7] Plaintiffs do not oppose the request for judicial notice as to the *Behind the Screens* Report.

## III. STANDARD OF REVIEW

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

[2] RJN, ECF 62, pp.5–6 (Exhibits 2-11).

[3] RJN, ECF 62, pp.5–6 (Exhibits 6-7, 11). For the Prime Terms and the Prime T&C, Defendants only provide the date of access and how long those images have been on the website. RJN, ECF 62, p. 5 (Exhibits 6 & 7). For the Ad Policy, Defendants only provide the date of access. RJN, ECF 62, p. 6 (Exhibit 11).

[4] RJN, ECF 62, p. 5 (Exhibit 1). Plaintiffs do not object to the Court taking judicial notice of this document, which was created by the government and is available on a government website. Although the *Behind the Screens* Report does not directly identify Amazon Services' data sharing practices, it does present facts that give rise to inferences in favor of Plaintiffs' argument. Specifically, it discusses the data disclosure practices of Amazon Inc. (Amazon Services' parent company), both with third parties and affiliates and gives rise to inferences that support Plaintiffs' allegations at the motion to dismiss stage.

[5] RJN, ECF 62, p. 6 (Exhibit 12).

[6] RJN, ECF 62, p. 6 (Exhibit 13).

[7] RJN, ECF 62, p. 6 (Exhibit 13).


Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

(quotations omitted); *see also* Fed. R. Civ. P. 12(b).[8] Factual determinations on a motion to dismiss are improper. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005). Courts should not allow defendants to present their own version of the facts at the pleading stage and accept those facts as true because doing so would make it "near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018).

Two narrow exceptions to the general rule—judicial notice and incorporation-by-reference—allow a court to consider extraneous documents without converting the Rule 12(b)(6) motion into a summary judgment motion. *Lee*, 250 F.3d at 688–89. The Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims[.]" *Khoja*, 899 F.3d at 998–99. While courts may take judicial notice of the *existence* of matters of public record, they cannot take judicial notice of the *truth* of the disputed matters contained therein. *Lee*, 250 F.3d at 688–89. Consideration of documents through both doctrines "can mean [the plaintiff will have] the courthouse doors slammed shut, such that there's no discovery, no further motion practice, no cross-examination, and no jury trial." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016). This has "led to inappropriate efforts by defendants to expand the two doctrines" by filing motions to dismiss that make arguments more appropriate for "later stage[s] of the case." *Id.* at 1281.

[8] If the court does not exclude extrinsic evidence, "the motion must be treated as one for summary judgment[.]" Fed. R. Civ. P. 12(d).



Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

## IV. ARGUMENT

### A. The Court should not take judicial notice of the Amazon Fine Print or Amazon Services' entire corporate history.

#### 1. The Amazon Fine Print is not from an established accurate source.

Under the judicial notice exception, the Ninth Circuit has held that courts may only consider adjudicative facts that are either generally known or capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. *See United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)(1–2)). Courts in this circuit carefully distinguish between private corporate websites (improper), party websites (improper), and governmentally created content on government websites that are matters of public record (proper) when taking judicial notice of a document. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (providing instances of courts properly taking judicial notice of information posted on federal government agency websites);[9] *see also Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1147, n.3 (W.D. Wash. 2017) (noting that judicial notice of private corporate websites is improper); *Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F. Supp. 3d 755, 763 (C.D. Cal. 2015) (same).

Courts throughout this circuit have repeatedly rejected taking judicial notice of a private corporate website or a party's website. For example, in *Veridian Credit Union*, this Court noted that "[p]rivate corporate websites, particularly when describing their own business, generally are not the sorts of sources whose accuracy cannot reasonably be questioned." 295 F. Supp. 3d at 1147, n.3 (citing *Spy Optic, Inc.*, 163 F. Supp. 3d at 763. In *Holy Ghost Revival Ministries v. City*

[9] *See also Lee*, 250 F.3d at 689; *United States v. Sanft*, 2021 WL 5283957, at *1 (W.D. Wash. Nov. 12, 2021); *Consiglio v. Brown*, 2019 WL 2153138, at *3 (E.D. Cal. May 17, 2019); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030, 1033 (C.D. Cal. 2015) (all approving of judicial notice of government websites and similar public records).


Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

*of Marysville*, this Court noted that "'[a] high degree of indisputability' is generally required to justify judicial notice" and declined to take judicial notice of printouts of internet websites. 98 F. Supp. 3d 1153, 1162–63 (W.D. Wash. 2015) (citation omitted).[10]

Moreover, courts within this circuit do not allow a corporate defendant to circumvent this rule by citing versions of the corporate party's website accessed through the Wayback Machine, especially at the motion to dismiss stage. *See, e.g., Heitkoetter v. Domm*, 2024 WL 325134, at *4 (E.D. Cal. Jan. 29, 2024) (denying request for judicial notice of an image of a corporate party's website captured from the WayBack Machine to show what information was in the public realm at the time of capture, because it was uncertain that the contents of were from "sources whose accuracy cannot reasonably be questioned."); *Lindsay v. Shree Enter., LLC*, 2021 WL 2711225 at *3 n.3 (E.D. Cal. July 1, 2021) (denying corporate defendant's request to take judicial notice of an image from defendant's website accessed through the Wayback Machine).

Here, Defendants request judicial notice of a variety of webpages containing Amazon's Fine Print. Except for the images of the Privacy Notice and certain prior versions of the COUs, all of Amazon's Fine Print is pulled directly from its own website; the other images are from the Wayback Machine.[11] These pages are all printouts of webpages taken, directly or indirectly, from a private, corporate and party website. The images directly from the website have always been within Amazon's exclusive control, so they lack the "high degree of indisputability" required for the Court to take judicial notice. The same logic applies to the images pulled from the Wayback Machine. The underlying content in those images was all within Amazon's control when it was

[10] *See also Roe v. Amgen Inc.*, No. 2:23-cv-07448-MCS-SSC, 2024 U.S. Dist. LEXIS 101754, at *5, (C.D. Cal. Jun. 5, 2024) (same); *Pacleb v. Cops Monitoring*, 2014 WL 3101426, at *4 (C.D. Cal. July 7, 2014) (denying defendant's request for judicial notice of an image of its webpage since it was subject to reasonable dispute).

[11] Specifically, Exhibits 2, 6, 7, and 11 are images directly from Defendants' website. Exhibits 3-5 and 8-10 are indirectly from Defendants' website via the Wayback Machine.

created. Since the Court cannot determine if the contents of the Amazon Fine Print webpages are "facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," taking judicial notice of Amazon Fine Print is improper. *See Lindsay*, 2021 WL 2711225 at *3 n.3.

**2. A fact-by-fact analysis shows that wholesale judicial notice of Amazon's Fine Print and its entire corporate history is overbroad and improper.**

The request for judicial notice of Amazon's Fine Print and its corporate history should also be denied as overbroad. This overbreadth is fatal to Amazon's request for wholesale judicial notice.

The Ninth Circuit has explained that even if a document itself is subject to judicial notice, a court must conduct an analysis of *each* fact in the document to identify which facts are being noticed for the truth of their contents and to make sure each fact is subject to judicial notice. *See Khoja*, 899 F.3d 988, 999 (9th Cir. 2018) (district court abused its discretion by taking wholesale judicial notice of a call transcript submitted to the SEC—even though it was from an accurate source—explaining that although the document could be judicially noticed for a limited purpose, such as the date of the call, it could not be judicially noticed for facts within it that were subject to reasonable dispute or open to interpretation). For instance, a court cannot take judicial notice of factual findings in another case for the truth of the matter asserted therein. *Lee*, 250 F.3d at 689–90 ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (quotations omitted)); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1165–1166 (9th Cir. 2014).

Here, the Amazon Fine Print images are taken, either directly or indirectly, from a party website that is wholly within Defendants' control. As such, these images should be subject to the

normal tests required for evidence at trial. Accordingly, even if the Court were to take judicial notice of the *existence* of Amazon's Fine Print, it would need to conduct a fact-by-fact analysis of the information contained in these images before it could judicially notice any of those facts as true. *See Khoja*, 899 F.3d at 999-1000; *Farrell v. Boeing Emps. Credit Union*, 761 F. App'x 682, 683–84 n.1 (9th Cir. 2019) (taking judicial notice of the existence of a government website, but not its factual contents). In instances when courts have considered Wayback Machine images of a corporate website, they overwhelmingly do so only for the existence of the website, not for the truth of the facts contained therein, especially at the motion to dismiss stage. *See, e.g.*, *Virun, Inc. v. Cymbiotika, Inc.*, 2022 WL 17371057, at *4, n. 4 (C.D. Cal. Aug. 18, 2022) (declining to take judicial notice of a corporate party's website to establish the facts on the website as true at the motion to dismiss stage). Indeed, of the seven cases Defendants cite in support of their request for judicial notice of Amazon's Fine Print, four of those cases—*Wilson*, *Garner*, *Calhoun*, and *Opperman*—actually support this position, since they all expressly limit judicial notice to the existence or contents of the website, not the truth of the matters contained therein.[12] A fifth case applies the same logic with the same corresponding result, albeit implicitly. *See FTC v. LendingClub Corp.*, 2018 WL 11436309, at *4–5 (N.D. Cal. Oct. 3, 2018) (taking judicial notice

---

[12] *Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1042 (W.D. Wash. 2018) (taking judicial notice of the *existence* of fine print from a publicly accessible website but not for the *truth* of the matter asserted in the terms); *Garner v. Amazon.Com, Inc.*, 603 F. Supp. 3d 985, 993–994 (W.D. Wash. 2022) (declining to take wholesale judicial notice of certain Amazon fine print, explaining that "neither incorporation by reference nor judicial notice under Rule 201 means that the Court must accept the statements contained" in that Amazon fine print as true, and instead, limiting judicial notice to the existence of the fine print in the public realm at a particular time); *Calhoun v. Google, LLC*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (taking judicial notice of pages from Google's website but not for the facts contained in them, explaining that the court could not "take judicial notice of any facts in these documents that are subject to reasonable dispute"); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 975-76 (N.D. Cal. 2015) (taking judicial notice of the fact that certain fine print existed, but not for other purposes).


Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

of the existence and the contents of webpages taken from the Wayback Machine as an accurate representation of what the consumer sees as it navigates the webpage).[13]

In this case, Amazon requests judicial notice of all the Amazon Fine Print and Amazon's entire corporate history. These requests are overbroad. Even assuming *arguendo* that the Amazon Fine Print (or even just documents from the Wayback Machine) were subject to judicial notice, at most these documents could be noticed for their existence, but not for the truth of their contents. *See Farrell*, 761 F. App'x at 683–84 n.1; *Virun, Inc.*, 2022 WL 17371057, at *4, n. 4; *see also fn. 14, supra*. This is especially true at the motion to dismiss stage. *Lindsay*, 2021 WL 2711225 at *3 n.3 (distinguishing a case that took judicial notice of Wayback Machine images at the motion for summary judgment stage).

Amazon's claim that its corporate history is judicially noticeable is likewise overbroad. ECF 62, p. 9. Amazon claims "Amazon.com Services Inc. and Amazon Digital Services Inc. are the corporate predecessors of Amazon.com Services LLC." ECF 60, pp. 13–14. But Amazon only attached one document—an image of the Amazon Services Summary—to support its request as to its corporate history. The Amazon Services Summary does not mention Amazon Digital Services Inc. at all. Instead, Amazon appears to rely on the contents of another, out-of-circuit, district court opinion—*Innovation Scis., LLC v. Amazon.com Inc.*, 2021 WL 765089, at *1 (E.D. Tex.

---

[13]Another case defendants cite, *In re Facebook, Inc. Secs. Litig.*, 477 F. Supp. 3d 980, 1008–09 (N.D. Cal. 2020), is distinguishable. In *Facebook*, the defendants' sought judicial notice of documents that were *unopposed* exhibits, whose accuracy was not questioned by plaintiffs. Under those circumstances, the court concluded the fine print was from "sources whose accuracy cannot reasonably be questioned."

The only case Defendants cite that actually supports their request for wholesale judicial notice of the Amazon Fine Print at the motion to dismiss stage is *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2–3 (N.D. Cal. Nov. 7, 2022). That case was wrongly decided since it did not conduct the fact-by-fact analysis mandated by the Ninth Circuit to see which facts in the fine print were noticeable, and for what purpose.

Feb. 26, 2021)—to support its claim regarding Amazon Digital Services Inc.[14] However, judicial notice of that court opinion is only proper as to the existence of the opinion—not the truth of it. *Lee*, 250 F.3d at 689–90; *Wyatt*, 315 F.3d at 1114. But here, Amazon asks the court to consider the Amazon Services Summary to "establish the corporate history and predecessor companies of Amazon.com Services LLC and Amazon.com, Inc." ECF 62, p. 9. If granted, this request would take the factual findings in another case as true. As with Amazon's Fine Print, such a determination would be overbroad. The Court should not take judicial notice of Amazon's entire corporate history.

For these reasons, wholesale judicial notice of these documents and the facts contained in them is improper.

**B. The Amazon Fine Print and the letter to Johnson should not be incorporated by reference.**

As a threshold matter, the Amazon Fine Print and the Johnson letter cannot be incorporated-by-reference to establish that the contents of those documents are true. Doing so would only serve to dispute the well-pleaded facts in the Complaint. Incorporation-by-reference is also improper as to the Ad Policy, the Prime Terms, and the Prime T&C because Defendants have not shown that the proffered documents are the versions referenced in the Complaint.

**1. Incorporation-by-reference cannot be used to dispute well-pleaded facts.**

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja.*, 899 F.3d at 1002. For incorporation-by-reference to apply, the complaint must either refer extensively to the document or the document

[14] Amazon cites its RJN Ex. 13 (Amazon Services Summary) and *Innovation Scis., LLC*, 2021 WL 765089, at *1, in support of its request for this Court to determine Amazon Digital Services LLC's corporate history as a predecessor of Amazon Services. Plaintiffs to not object to this Court taking judicial notice of the existence of the facts contained in the Amazon Services Summary. But, since that document does not reference Amazon Digital Services LLC, it cannot be used to show Amazon Digital Services LLC is Amazon Services' corporate predecessor.


Burns Charest LLP
201 St. Charles Ave., Ste. 2900
New Orleans, LA 70170
(504) 799-2845

must form the basis of the plaintiff's claim. *Id*. Merely mentioning the existence of a document is insufficient. *Ritchie*, 342 F.3d at 908.

Like with judicial notice, incorporation-by-reference can permit (but does not require) a court to accept the matters contained in incorporated documents as true in certain circumstances;[15] however, it is never proper to "assume the truth of an incorporated document if such assumptions only serve to dispute [well-pleaded] facts[.]" *Khoja*, 899 F.3d at 1003; *United States v. Mission Support Alliance, LLC*, 2019 WL 2570541, at *3 (E.D. Wash. June 13, 2019) (same). As the Ninth Circuit has explained, "[this doctrine] does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja, Inc.*, 899 F.3d at 1014–15 (*citing Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider a disability benefits plan referenced in complaint, but declining to accept the truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)). But here, Defendants are attempting to introduce the Amazon Fine Print and their letter to dispute the facts pleaded in the Complaint. ECF 62, pp. 7–8. For instance, Defendants argue that their letter "confirms Amazon 'does not sell personal information.'" ECF 60, p. 13. This is an attempt to get the Court to consider the facts contained in Amazon's letter as true. Amazon asks the Court to consider these documents to, *inter alia*, prove consent and argue that any disclosures were made within the ordinary course of business. RJN, ECF 62, pp. 7–8; Motion to Dismiss, ECF 60 pp. 25 (consent), 7–11 (ordinary course of business). For instance, Defendants argue that the Privacy Notice establishes that Johnson consented. ECF 60, p. 25. But these arguments are defenses to privacy laws like the

---

[15] *See Khoja.*, 899 F.3d at 1003 (in some circumstances a court may accept facts as true); *Ritchie*, 342 F.3d at 908 (using discretionary language when discussing the applicability of the incorporation-by-reference doctrine).

VPPA,[16] making these documents improper for incorporation-by-reference. *See Khoja*, 899 F.3d at 1002 (a document that creates a defense to the allegations in the complaint does "not necessarily form the basis of the complaint.").

As with Amazon's request for judicial notice, this request is overbroad and should be denied. The Amazon Fine Print and Amazon's letter should not be incorporated by reference.

**2. Incorporation-by-reference cannot be used if there are multiple versions of the proffered document.**

It is well settled that a court should decline to incorporate documents by reference (or judicially notice them) where there are multiple versions of the document, especially when it is unclear which versions of the document a plaintiff reviewed and agreed to. *See Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 WL 3009126, at *5 (N.D. Cal. June 14, 2018) (described above); *Turner v. Nuance Commc'ns*, 735 F. Supp. 3d 1169, 1181 (N.D. Cal. 2024) (declining to consider specific versions of an agreement under either exception, noting, *inter alia*, that "[defendant] admits that [the fine print agreement] ha[d] been revised multiple times over the years, so the current version of [it] may not be the same as the version [p]laintiffs allegedly read"); *see also Perdue v. Rodney Corp.*, 2014 WL 3726700, at *4 (S.D. Cal. July 25, 2014) (declining to take judicial notice of an invoice at the motion to dismiss stage because it was clear that more than one version of the invoice exists); *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022), *aff'd*, 2024 WL 937247, (9th Cir. Mar. 5, 2024) (declining to take judicial notice of the most recent privacy policy and data disclosure of two apps because they might not be the one plaintiff read when she downloaded and used them).

---

[16] *See M.K. v. Google LLC*, 2023 WL 4937287, at *6, n.4 (N.D. Cal. Aug. 1, 2023) (ordinary course of business and consent are treated as defenses to a VPPA claim).

Incorporation-by-reference is improper as to the Ad Policy, the Prime Terms, and the Prime T&C because Amazon does not identify the effective dates of these documents.[17] Unlike with the COUs, Amazon does not provide effective dates for the Ad Policy, the Prime Terms; or the Prime T&C. And for the Amazon Ad Policy, the only identifying date Amazon provides is that the Ad Policy was "as it appeared on June 18, 2024." ECF 62, p. 6. But Plaintiffs began using Amazon Prime Video years before June 18, 2024. (Beagle, 2021;[18] Guerrero, 2016; and Johnson, 2017, dates approximate). ¶¶ 102, 113, and 117.

But there are different versions of the documents and, in many cases, it is clear that Amazon's proffered documents are *not* the versions Plaintiffs reviewed at the time they started using Amazon Prime Video. For example, the Prime Terms have purportedly been on Defendants' website since October 29, 2023—years after each Plaintiff started using Amazon Prime Video. ECF 62, p. 5. Defendants ask the Court to consider the Amazon Fine Print from <u>after</u> Plaintiffs first began using Amazon, meaning that these versions may not be relevant and are not identified with sufficient particularity to show that they are the documents referenced in the Complaint. Because Amazon's RJN does not provide supporting declarations to identify the effective dates of these documents, there is no way to sufficiently identify the cited version of these documents for the purpose of incorporation. Incorporation-by-reference is improper where, as here, it is not even clear if these documents are referenced to begin with.

[17] RJN, ECF 62, pp.5–6 (Exhibits 2-11).

[18] At this early stage of litigation, it is unclear whether the version of the Prime T&C Amazon asks this Court to consider (which, according to Amazon, were posted starting May 11, 2021) were in place at the time Beagle began using Amazon Prime Video at some time in 2021. However, all the other documents post-date the Plaintiffs' respective start times using Amazon Prime Video.

## V. CONCLUSION

As described above, Amazon's request to judicially notice the Amazon Fine Print, its letter, and the Amazon Services Summary, or to incorporate them by reference, should be denied.

DATED: February 14, 2025

Respectfully submitted,

**BURNS CHAREST LLP**
(Admitted *pro hac vice*)

*s/ Korey A. Nelson*
Amanda K. Klevorn (LA Bar #35193)
Korey A. Nelson (LA Bar #30002)
Laura S. Seggerman (TX Bar #24134116)
201 St. Charles Avenue, Suite 2900
New Orleans, Louisiana 70170
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
Email: aklevorn@burnscharest.com
knelson@burnscharest.com
lseggerman@burnscharest.com

Cristina R. Delise (NY Bar #5442033)
757 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (469) 904-4550 main
Telephone: (469) 663-5940 direct
Facsimile: (469) 444-5002
Email: cdelise@burnscharest.com

*Co-Lead Counsel for Plaintiffs and the Nationwide Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
(Admitted *pro hac vice*)

*s/ Lawrence P. Eagel*
Lawrence P. Eagel (NY Bar #1924067)
Casey C. DeReus (LA Bar #37096)
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858
Facsimile: (212) 486-0462

Email: eagel@bespc.com
dereus@bespc.com

Melissa A. Fortunato (CA Bar #319767)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 304-0506
Email: fortunato@bespc.com

*Co-Lead Counsel for Plaintiffs and the Nationwide Class*

**BURSOR & FISHER, P.A.**
(Admitted *pro hac vice*)

*s/ Joseph I. Marchese*

Joseph I. Marchese
Philip L. Fraietta
1300 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
pfraietta@bursor.com

*Additional Counsel for Plaintiffs*

**CARSON NOEL PLLC**

Wright A. Noel
20 Sixth Avenue NE
Issaquah, Washington 98027
Telephone: (452) 837-4717
Facsimile: (425) 837-5396
Email: wright@carsonnoel.com

*Additional Counsel for Plaintiffs*

**DUNCAN LAW, PLLC**

*s/ Shaquelle M. Duncan*
Shaquelle M. Duncan (WA Bar #56701)
410 SW 10th Street, Suite 215
Renton, Washington 98057
Telephone: (206) 237-7714
Facsimile: (206) 238-1324
Email: duncans@duncanlawpllc.com

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(e)**

"I certify that this memorandum contains 4,200 words, in compliance with the Local Civil Rules."

*s/ Korey A. Nelson*
Korey A. Nelson

*Co-Lead Counsel for Plaintiffs and the Nationwide Class*