UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH BEAGLE, et al.,<br><br>                    Plaintiffs,<br>      v.<br><br>AMAZON.COM, INC., et al.,<br><br>                    Defendants. | CASE NO. C24-0316JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendants Amazon.com, Inc. and Amazon.com Services LLC's (individually, "Amazon Services," and together with Amazon.com, Inc., "Amazon") motion to dismiss Plaintiffs Meredith Beagle, Jordan Guerrero, and Sofauna Johnson's (collectively, "Plaintiffs") third amended complaint for failure to state a claim. (Mot. (Dkt. # 60); Reply (Dkt. # 66).) Plaintiffs oppose Amazon's motion to dismiss. (Resp. (Dkt. # 63).) The court has considered the parties' submissions, the relevant

portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Amazon's motion to dismiss.

## II. BACKGROUND

The court sets forth the relevant factual and procedural background below.

### A. Factual Background

Amazon Services operates Amazon Prime Video, which provides consumers access to a "wide array of video content." (Resp. at 1 (citing 3d Am. Compl. (Dkt. # 59) ¶ 79).) Plaintiffs allege that Amazon Services discloses their personally identifiable information ("PII") to its parent company, Amazon.com, Inc. "on a regular basis" in violation of federal and California state law. (3d Am. Compl. ¶ 6.) They also allege, "[u]pon information and belief," that Amazon Services discloses their PII to other, unnamed Amazon affiliates. (*Id.*)

Plaintiffs assert that "Amazon Services maintains a virtual 'warehouse' of data that it collects from [users of Amazon Prime Video]" and "gives Amazon[.com,] Inc. access to that database" for purposes such as audience measurement, marketing, advertising, and other forms of data collection and analysis. (*Id.* ¶¶ 6, 22.) Plaintiffs also allege that Amazon "bur[ies]" its privacy disclosures and practices in "a maze of hyperlinks and fine print" and does not provide consumers a means to "opt out of disclosing th[eir] information to affiliated Amazon entities." (*Id.* ¶ 24; *see also id.*

---

[1] Both parties request oral argument (Mot. at 1; Resp. at 1), but the court concludes that oral argument would not aid in its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

¶¶ 53-54, 57-69 (discussing Amazon's privacy disclosures).) Each named Plaintiff alleges that he or she has an Amazon account through which he or she has rented or purchased videos; that he or she "did not consent to the disclosure of [his or] her PII to Amazon[.com,] Inc. or other Amazon affiliates[;]" and that Amazon Services disclosed his or her PII to Amazon.com, Inc. by providing Amazon.com, Inc.

> with direct access to Amazon Services'[s] database with information on [Plaintiffs], including access to a trove of [Plaintiffs'] data, including the titles of videos watched, playback start dates and times, playback end dates and times, whether it was a purchase or rental history, billing address, ISP information, and location information.

(*Id.* ¶¶ 98-105 (Beagle), 108-14 (Guerrero), 117-23 (Johnson).) Plaintiffs assert that "[t]he combination of data collected and disclosed identifies" each Plaintiff individually. (*Id.* ¶¶ 103 n.44 (Beagle), 112 n.45 (Guerrero), 122 n.46 (Johnson).)

**B.  Procedural Background**

Ms. Beagle and Mr. Guerrero filed their original class action complaint on March 8, 2024. (Compl. (Dkt. # 1).) They raised claims against Amazon.com, Inc. and Amazon Services for violations of the federal Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW. (*Id.* ¶¶ 118-37.) On April 26, 2024, the court granted the parties' stipulated motion to consolidate this action with a related action brought by Ms. Johnson and granted Plaintiffs leave to file a consolidated amended complaint. (4/26/24 Order (Dkt. # 31).) Plaintiffs filed their consolidated amended complaint on May 24, 2024. (Am. Compl. (Dkt. # 33).) They reasserted their claims under the VPPA and CPA and added a new

claim on behalf of Ms. Johnson and a California subclass for violation of California's video privacy statute, Cal. Civ. Code § 1799.3.  (*See id.* ¶¶ 135-63.)

On September 3, 2024, the court granted Amazon's motion to dismiss Plaintiffs' consolidated amended complaint.  (9/3/24 Order (Dkt. # 43).)  The court dismissed Plaintiffs' VPPA and § 1799.3 claims with leave to amend because Plaintiffs had not plausibly alleged that Amazon Services had "taken the affirmative act of disclosing" their PII to Amazon affiliates or third parties.  (*Id.* at 5-7.)  The court also dismissed Plaintiffs' CPA claim with prejudice and denied their request for leave to add a new invasion of privacy claim.  (*See id.* at 7-11.)  Plaintiffs did not move the court to reconsider its decision.  (*See generally* Dkt.)  They filed their second amended complaint on October 21, 2024.  (2d Am. Compl. (Dkt. # 56).)

In July and October 2024, Ms. Johnson submitted requests to Amazon pursuant to Cal. Civ. Code § 1798.110[2] for data about the PII Amazon collected about her and the third parties to which it allegedly disclosed her PII.  (*See* 11/4/24 Stip. (Dkt. # 57) at 1-2.)  On November 4, 2024, the court granted the parties' stipulated motion for (1) a limited stay while Amazon prepared its response to Ms. Johnson's § 1798.110 request and (2) leave for Plaintiffs to file a third amended complaint after they reviewed that

---

[2] "A consumer shall have the right to request that a business that collects personal information about the consumer disclose to the consumer the following:  (1) The categories of personal information it has collected about that consumer[,] (2) The categories of sources from which the personal information is collected[,] (3) The business or commercial purpose for collecting, selling, or sharing personal information [,] (4) The categories of third parties to whom the business discloses personal information [, and] (5) The specific pieces of personal information it has collected about that consumer."  Cal. Civ. Code § 1798.110(1)(a)

1  response. (11/4/24 Order (Dkt. # 58).) Counsel for Amazon responded to Ms. Johnson's
2  request on November 18, 2024. (Goldmark Decl. (Dkt. # 61) ¶ 13, Ex. 12 (11/18/24
3  Letter).[3]) In that letter, counsel stated that (1) "[w]ith respect to Ms. Johnson's requests
4  for the categories and sources of personal information that Amazon collected about her,"
5  Amazon had already provided "detailed information"; (2) "Amazon does not sell
6  personal information"; (3) "Amazon also confirms that it has not shared any of Ms.
7  Johnson's personal information which identifies her as having requested, obtained, or
8  viewed specific video materials or services from Amazon"; and (4) Amazon's Privacy
9  Notice and Additional State-Specific Privacy Disclosures provide information about the
10 other required information enumerated in § 1178.110. (11/18/24 Letter at 1.) Amazon
11 provided hyperlinks to its Privacy Notice and Additional State-Specific Privacy
12 Disclosures pages at the end of its letter. (*Id.*)

13        Plaintiffs filed the operative third amended complaint on December 9, 2024. (*See*
14 *generally* 3d Am. Compl.) Plaintiffs have abandoned their claim that Amazon Services
15 disclosed their PII to non-Amazon third parties. (*Compare, e.g.*, Am. Compl. ¶ 25
16 (alleging that "Amazon Services discloses consumers' PII to Amazon[.com,] Inc. and
17 non-Amazon affiliated third parties", *with* 3d Am. Compl. ¶ 28 (omitting mention of
18 non-Amazon third parties).) Instead, they focus their third amended complaint on

---

[3] Because Plaintiffs discuss the November 18, 2024 letter in detail in their third amended complaint (*see* 3d Am. Compl. ¶¶ 93-97), the court agrees with Amazon that the letter has been incorporated by reference. (*See* Request for Judicial Notice ("RJN") (Dkt. # 62) at 4); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Amazon Services's alleged disclosure of their PII to Amazon.com, Inc. and other unnamed Amazon affiliates. (*See generally* 3d Am. Compl.)

Defendants now move to dismiss Plaintiffs' third amended complaint under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.) The motion is fully briefed and is ripe for review.

### III.     ANALYSIS

Amazon argues that the court must dismiss Plaintiffs' third amended complaint with prejudice because Plaintiffs have again failed to state claims for violations of the VPPA and § 1799.3. The court agrees. Below, the court sets forth the relevant legal standard and evaluates Amazon's motion to dismiss.

**A.     Rule 12(b)(6) Legal Standard**

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing the plausibility of a complaint, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins.*

1 | *Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court need not, however, "accept as true

2 | allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

3 | inferences" or "that contradict matters properly subject to judicial notice or by exhibit."

4 | *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In addition,

5 | "[f]actual allegations must be enough to raise a right to relief above the speculative

6 | level[.]" *Twombly*, 550 U.S. at 555.

7 | "Generally, the scope of review on a motion to dismiss . . . is limited to the

8 | contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Courts

9 | may also, however, consider "attached exhibits, documents incorporated by reference,

10 | and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d

11 | 1046, 1051 (9th Cir. 2014).

**B.     Amazon's Motion to Dismiss[4]**

The VPPA and § 1799.3 make it unlawful for certain video service providers to disclose a customer's PII to another person. *See* 18 U.S.C. § 2710(b)(1); Cal. Civ. Code § 1799.3(a). Under the VPPA, "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person for the relief" provided in the statute. 18 U.S.C. § 2710(b)(1). The VPPA defines PII to "include[ ] information which identifies a person as having requested or obtained specific video materials or services from a video

---

[4] As an initial matter, Amazon asks the court to dismiss Amazon.com, Inc. as a defendant because Plaintiffs do not allege that Amazon.com, Inc. violated the VPPA or § 1799.3. (Mot. at 1.) Plaintiffs do not object to the dismissal of Amazon.com, Inc. (Resp. at 1 n.3.) Accordingly, Amazon.com, Inc. is DISMISSED from this action.

ORDER - 7

tape service provider." 18 U.S.C. § 2710(a)(3). Similarly, § 1799.3(a) provides that "[n]o person providing video recording sales or rental services shall disclose any personal information or the contents of any record, including sales or rental information . . . to any person, other than the individual who is the subject of the record, without the written consent of that individual." Cal. Civ. Code § 1799.3(a).

In its September 3, 2024 order, the court dismissed Plaintiffs' VPPA and § 1799.3 claims because Plaintiffs had not plausibly alleged that Amazon had "taken the affirmative act" of disclosing their PII to Amazon affiliates or to third parties. (9/3/24 Order at 5-7.) The court reasoned as follows:

> [W]ith respect to Amazon Services's alleged disclosures to other Amazon affiliates, Amazon is correct that Plaintiffs allege, at most, the mere *possibility* that information could be disclosed to those affiliates, rather than that Amazon Services had *in fact* made such disclosures. Plaintiffs allege that "Amazon Services maintains a virtual 'warehouse' of data that it collects from consumers . . . and gives Amazon[.com,] Inc. ***access*** to that database." (Am. Compl. ¶ 18 (emphasis added).) For each of the named Plaintiffs, Amazon alleges that "Amazon Services . . . disclosed [their] information to Amazon[.com,] Inc. by providing Amazon[.com,] Inc. with direct ***access*** to Amazon Services'[s] database with information on [them]." (*Id.* ¶¶ 103, 112, 121.) Although the act of disclosure suggests access, however, the opposite is not true. That Amazon Services allegedly provides access to Plaintiffs' PII does not plausibly suggest that Amazon Services has taken the affirmative act of disclosing that data to Amazon.com, Inc. or that Amazon.com, Inc. has actually received that data. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility[.]'" (quoting *Twombly*, 550 U.S. at 557)).

(*Id.* at 5-6.)

Amazon now argues that Plaintiffs cannot state a claim under either the VPPA or § 1799.3 because they have again failed to plausibly allege that Amazon Services actually

ORDER - 8

disclosed their PII to any Amazon affiliates. (Mot. at 1, 10-14.) Amazon further argues that even if Plaintiffs did plausibly allege disclosure, those disclosures were authorized under the VPPA's exception for disclosures that are incident to the ordinary course of business and § 1799.3's consent provisions. (*Id.* at 1-2; *see also id.* at 14-17 (citing 18 U.S.C. § 2710(b)(2)(E)); *id.* at 18-21 (citing Cal. Civ. Code § 1799.3).) Plaintiffs counter that their third amended complaint adequately pleads that Amazon Services "has engaged in systematic and unauthorized disclosure of consumer data, including PII, to Amazon[.com,] Inc. [and] other Amazon affiliates, without appropriate consent" in violation of the VPPA and § 1799.3. (*See* Resp. at 2.) As explained in more detail below, the court again concludes that Plaintiffs have not plausibly alleged that Amazon Services actually and affirmatively disclosed their PII to Amazon affiliates and therefore grants Amazon's motion to dismiss.[5]

Plaintiffs added 14 new paragraphs of allegations to their third amended complaint. (*See* 3d Am. Compl. ¶¶ 7-11, 49-51, 70, 93-97.[6]) They again allege, however, just as they did in their consolidated amended complaint, that "Amazon Services maintains a virtual 'warehouse' of data that it collects from consumers who are unable to opt-out and gives Amazon[.com,] Inc. *access* to that database." (*Compare* 3d Am. Compl. ¶ 22 (emphasis added), *with* Am. Compl. ¶ 18.) They also repeat their

---

[5] Because Plaintiffs have not plausibly alleged that Amazon Services disclosed their PII, the court need not decide whether any such disclosure was authorized under the VPPA's ordinary course of business exception or by consent under § 1799.3.

[6] Plaintiffs also removed allegations regarding disclosure to non-Amazon third parties and allegations made in support of their dismissed CPA claim. (*See generally* 3d Am. Compl.)

allegations that Amazon Services disclosed each Plaintiff's PII by "providing Amazon[.com,] Inc. with direct *access* to Amazon Services'[s] database[.]" (*Compare* 3d Am. Compl. ¶¶ 105, 114, 123 (emphasis added), *with* Am. Compl. ¶¶ 103, 112, 121.) Amazon argues that by again emphasizing access rather than affirmative disclosure, Plaintiffs' third amended complaint again falls short of plausibly alleging that Amazon Services actually disclosed Plaintiffs' data to its affiliates. (*See* Mot. at 7-9.) The court agrees with Defendants that Plaintiffs' newly-added allegations have not cured the deficiencies identified in the September 3, 2024 order.

First, Plaintiffs allege in paragraph 8 of the third amended complaint that language on Amazon's "Your Ads Privacy Choices" web page constitutes an admission that Amazon Services and Amazon.com, Inc. "always share consumers' data among Amazon subsidiaries." (3d Am. Compl. ¶ 8 & n.7.[7]) Although the newly-added paragraph and its footnote express Plaintiffs' view that the "Your Ads Privacy Choices" page includes an admission of data disclosure (*see id.* ¶ 8 & n.7), Plaintiffs' more detailed allegations regarding the "Your Ads Privacy Choices" page and Amazon's other privacy-related notices remain unchanged from the dismissed consolidated amended complaint. (*Compare id.* ¶¶ 54-69, *with* Am. Compl. ¶¶ 49-64.) Thus, paragraph 8, on its own, is not enough to raise Plaintiffs' right to relief beyond a speculative level.

//

//

---

[7] Newly-added paragraph 7 simply introduces paragraphs 8-11. (*See* 3d Am. Compl. ¶ 7 ("Both direct admissions and circumstantial facts show that Amazon Services discloses PII to Amazon[.com,] Inc. and other affiliates.").)

ORDER - 10

Second, Plaintiffs allege in paragraph 9 that "Amazon's own joint data returns . . . indicate data disclosure among co-branded subsidiaries" because that data "show[s] different sellers of record" for Ms. Johnson's purchases of video content. (3d Am. Compl. ¶ 9.) Plaintiffs explain in paragraph 95 that the data Ms. Johnson received in response to her § 1798.110 data request listed "Amazon.com Services Inc."[8] and "Amazon Digital Services, Inc." as "sellers of record" for her video purchases, in addition to Amazon Services. (*Id.* ¶ 95.) Thus, according to Plaintiffs, the appearance of those entities in Ms. Johnson's data "demonstrates that [Ms.] Johnson's data has been shared among Amazon affiliates." (*Id.*) The court is not convinced. Plaintiffs have not plausibly alleged *how* the appearance of these entities as "sellers of record" reasonably gives rise to the inference that Amazon Services affirmatively disclosed Ms. Johnson's PII to those entities or other Amazon affiliates. (*Id.*) As a result, paragraphs 9 and 95, too, fail to sufficiently plead disclosure within the meaning of the VPPA and § 1799.3.

Third, Plaintiffs allege in paragraph 10 that Amazon's November 18, 2024 letter in response to Ms. Johnson's § 1798.110 request "suggests" that Amazon Services disclosed PII to Amazon.com, Inc. because the letter was "framed . . . as a joint response" and did not "affirmatively state that Amazon entities have not sold or shared this information between or among themselves." (*Id.* ¶ 10; *see id.* ¶ 10 n.8; 11/18/24 Letter.) Plaintiffs explain in paragraph 93 that Amazon's letter states, on behalf of both Amazon Services

---

[8] The parties now agree that Amazon.com Services, Inc., is a corporate predecessor to Amazon Services. (Mot. at 9; Resp. at 9 n.8.) Whether Amazon Digital Services, Inc., was a predecessor, however, remains in dispute. (*See* Resp. at 9 n.8.) For the purpose of this order, the court assumes that Amazon Digital Services, Inc. is a separate entity from Amazon Services.

and Amazon.com, Inc., that Amazon "does not sell personal information" and "confirm[s] that it has not shared any of Ms. Johnson's personal information which identifies her as having requested, obtained, or viewed specific video materials or services from Amazon." (3d Am. Compl. ¶ 93 (quoting 11/8/24 Letter).) According to Plaintiffs, in order for the entities to respond jointly to the data request, Amazon Services must have shared Ms. Johnson's data with Amazon.com, Inc. (*Id.* ¶ 94.) Plaintiffs also fault Amazon for failing to say anything about whether Amazon Services might have shared Ms. Johnson's data with co-branded subsidiaries and assert that by responding "collectively as 'Amazon'" Amazon Services and Amazon.com, Inc. "do not deny that they shared [her] PII information between Amazon affiliates." (*Id.* ¶¶ 96-97.[9]) The court concludes that Plaintiffs' allegations regarding the supposed motives behind the language in Amazon's letter are speculative and do not lead to the reasonable inference that Amazon Services affirmatively disclosed their data. *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 765 (9th Cir. 2018) (finding that a speculative assertion in a complaint "stops short of the line between possibility and plausibility of entitlement to relief" (quoting *Twombly*, 550 U.S. at 557)).

Fourth, Plaintiffs identify several documents that, they allege, demonstrate Amazon's "well-documented history of misleading consumers and misusing their data." (3d Am. Compl. ¶ 11.) These documents include (1) a Federal Trade Commission

---

[9] New paragraph 70 alleges that Amazon collects consumers' video PII. (3d Am. Compl. ¶ 70.) Amazon does not appear to dispute that Amazon Services collects its customers' PII. (*See generally* Mot.)

("FTC") lawsuit alleging that Amazon.com, Inc. "us[es] dark patterns to trap consumers in the Amazon Prime and the Amazon Prime Video systems"; (2) an FTC staff report titled *A Look Behind the Screens: Examining the Data Practices of Social Media and Video Streaming Services* ("*Behind the Screens*") [10] that Plaintiffs assert "expos[es]" how Amazon.com, Inc. and its subsidiary Twitch "impermissibly track personal consumer data"; and (3) statements by former Amazon employees regarding "Amazon's irresponsible sharing of private consumer data[.]" (*Id.*; *see id.* ¶¶ 43-46 (discussing the FTC lawsuit), 47-48 (discussing statements by former Amazon employees), 49-51 (discussing *Behind the Screens*).) Only the allegations in paragraphs 49 through 51 regarding *Behind the Screens* are new in the third amended complaint. (*Compare* 3d Am. Compl. ¶¶ 43-48 (discussing the FTC lawsuit and employee statements), *with* Am. Compl. ¶¶ 41-46 (same).) *Behind the Screens*, however, reflects the FTC's general findings about industry practices based on data submitted by "nine of the largest social media and video streaming services" and does not provide any specific information about data sharing practices between Amazon.com, Inc. and Twitch, let alone about Amazon Services's alleged disclosure of video PII to Amazon affiliates. (*See Behind the Screens* at i; *see generally id.*; *see also* 3d Am. Compl. ¶¶ 49-51 (discussing the findings of the *Behind the Screens* report).) As a result, Plaintiffs' new paragraphs 11 and 49 to 51, too,

---

[10] *See* https://www.ftc.gov/system/files/ftc_gov/pdf/Social-Media-6b-Report-9-11-2024.pdf (last visited May 29, 2025); (*see also* Goldmark Decl. (Dkt. # 61) ¶ 2, Ex. 1 (attaching a copy of *Behind the Screens*)). The parties agree that *Behind the Screens* is properly subject to judicial notice. (*See* RJN at 3-4; RJN Resp. (Dkt. # 64) at 3); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (noting that judicial notice is appropriate for "materials incorporated into the complaint or matters of public record").

do not plausibly allege that Amazon Services affirmatively disclosed their PII to Amazon affiliates.

Plaintiffs argue that even if none of these new allegations considered individually, gives rise to a plausible allegation of affirmative data disclosure, they nevertheless constitute "a bundle of facts that, together, . . . *permit* an inference of disclosure." (Resp. at 10 (emphasis in original).)  The court is not persuaded.  Plaintiffs rely for this argument on *Burdette v. FuboTV Inc.*, in which the District Court for the Northern District of Illinois denied the defendant's motion to dismiss where the plaintiff's complaint "offer[ed] sufficient circumstantial evidence" to allow the inference that the defendant disclosed customer information in violation of the VPPA.  No. 23 C 10351, 2024 WL 2831466, at *4 (N.D. Ill. June 4, 2024).  In *Burdette*, however, the "bundle of circumstantial evidence" included not only a privacy policy that stated that the defendant "may share" customer information with advertisers and third parties, but also the defendant's annual reports, which disclosed that the defendant's use of customer data "place[d] [the defendant] and [its] content publishers at risk" for claims under the VPPA, and a press release in which the defendant stated that it used "viewership behavior to target users based on the exact content and time they are watching." *Id.* at *2.  In contrast, as discussed above, Plaintiffs' newly-added allegations are either speculative or far removed from the central issue of whether Amazon Services discloses PII to Amazon affiliates.  As a result, the court concludes that Plaintiffs' new allegations, even when considered together with the allegations raised in the dismissed amended complaint, do not allow the court to draw the inference that Amazon Services affirmatively disclosed

Plaintiffs' PII to Amazon.com, Inc. or unnamed Amazon affiliates. *See Iqbal*, 556 U.S. at 678.

Plaintiffs also argue that "providing Amazon[.com,] Inc. with direct access to Amazon Services'[s] database" amounts to disclosure because "disclosure occurs when the PII is exposed or made available to any person. (Resp. at 6-7.) To the extent Plaintiffs base this argument on *In re Hulu Privacy Litig.*, No. C11-03764 LB, 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014), and *Czarnionka v. Epoch Times Ass'n, Inc.*, No. 22 Civ. 6348 (AKH), 2022 WL 17069810 (S.D.N.Y. Nov. 17, 2022), the court distinguished those cases from the instant case in its September 3, 2024 order and sees no reason to revisit that decision. (*See* 9/3/24 Order at 6-7.) Plaintiffs also rely on *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 625 (7th Cir. 2014), for the proposition that providing access to a database satisfies the disclosure requirement. (Resp. at 6.) In *Sterk*, however, the defendant affirmatively disclosed its database of PII to a third party it had contracted to provide customer service functions, and that third party in fact actively searched the database when it addressed customer service calls. *Sterk*, 770 F.3d at 625. Here, in contrast, Plaintiffs again allege only that Amazon Services provides Amazon.com, Inc. "access to" its database of video PII. (3d Am. Compl. ¶¶ 22, 105, 114, 123.) As the court stated in its prior order, "[t]hat Amazon Services allegedly provides access to Plaintiffs' PII does not plausibly suggest that Amazon has taken the affirmative act of disclosing that data to Amazon.com, Inc. or that Amazon.com, Inc. has actually received that data." (9/3/24 Order at 6.) Plaintiffs have cited no authority that calls this conclusion into question.

ORDER - 15

1    In sum, the court concludes that Plaintiffs' new allegations do not move the needle
2  from a mere possibility that Amazon Services affirmatively disclosed their PII to
3  plausibility. (*See id.*); *see Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (9th Cir.
4  2009) (noting that "mere possibility is not enough" to survive a motion to dismiss).
5  Accordingly, the court grants Amazon's motion to dismiss.

6  **C.     Leave to Amend**

7    Plaintiffs ask the court to grant them leave to further amend their complaint if it
8  dismisses their claims. (Resp. at 25.)  District courts may "freely give" leave to amend a
9  claim subject to dismissal. Fed. R. Civ. P. 15(a)(2). Nevertheless, five factors may affect
10 the court's assessment of a motion for leave to amend: "(1) bad faith, (2) undue delay,
11 (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff
12 has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373
13 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.
14 1989)). "The district court's discretion to deny leave to amend is particularly broad
15 where plaintiff has previously amended the complaint." *Id.* (quoting *Ascon Props.*, 866
16 F.2d at 1160). Here, Plaintiffs have already amended their complaint three times, and the
17 newly-added allegations in their third amended complaint did not cure the deficiencies
18 that led to the dismissal of their consolidated amended complaint. Therefore, the court
19 denies Plaintiffs' request for leave to file a fourth amended complaint.
20 //
21 //
22 //

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Amazon's motion to dismiss Plaintiffs' third amended complaint (Dkt. # 60).  Plaintiffs' third amended complaint, and this action, are DISMISSED with prejudice and without leave to amend.

Dated this 30th day of May, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 17